

1    RORY J. RADDING (*pro hac vice* forthcoming)
     rradding@edwardswildman.com
2    JENNIFER L. DEREKA (*pro hac vice* forthcoming)
     jdereka@edwardswildman.com
3    DEV BATTA (*pro hac vice* forthcoming)
     dbatta@edwardswildman.com
4    EDWARDS WILDMAN PALMER LLP
     750 Lexington Avenue
5    New York, NY 10022
     Telephone: 212.308.4411
6    Facsimile: 212.308.4844

7

8    JINSHU ZHANG (No. 166981)
     jzhang@edwardswildman.com
9    EDWARDS WILDMAN PALMER LLP
     1901 Avenue of the Stars, Suite 1700
10    Los Angeles, California 90067
     Telephone: 310.860.8705
11    Facsimile: 310.860.3800

12

13    Attorneys for Plaintiff
     SENTAIDA INTERNATIONAL, INC.,
14    d/b/a SENTURY TIRE AMERICAS

15          **UNITED STATES DISTRICT COURT**

16          **CENTRAL DISTRICT OF CALIFORNIA**

17          **SOUTHERN DIVISION** SACV14-1457AG (ANx)

18

19    SENTAIDA INTERNATIONAL,    Case No. 14 CIV_____
     INC., d/b/a SENTURY TIRE
20    AMERICAS,                 **COMPLAINT FOR ANTITRUST,**
                           **UNFAIR COMPETITION, AND**
21          Plaintiff,         **DECLARATORY JUDGMENT OF**
                           **PATENT NON-INFRINGEMENT**
22    v.                           **AND INVALIDITY**

23    TOYO TIRE AND RUBBER CO.,
     LTD., TOYO TIRE HOLDINGS OF
24    AMERICAS INC., TOYO TIRE
     U.S.A. CORP., NITTO TIRE U.S.A.
25    INC., AND TOYO TIRE NORTH
     AMERICA MANUFACTURING
26    INC.,

27          Defendants.

28

EDWARDS WILDMAN
PALMER LLP
ATTORNEYS AT LAW

AM 37127001

COMPLAINT FOR ANTITRUST, UNFAIR
COMPETITION, AND DECLARATORY
JUDGMENT

1         Plaintiff Sentaida International, Inc., d/b/a/ Sentury Tire Americas

2    ("Sentury"), by its attorneys Edwards Wildman Palmer LLP, brings this Complaint

3    against Toyo Tire and Rubber Co., Ltd., Toyo Tire Holdings of Americas Inc.,

4    Toyo Tire U.S.A. Corp., Nitto Tire U.S.A. Inc., and Toyo Tire North America

5    Manufacturing Inc. (collectively "Toyo") for violations of federal and state antitrust

6    laws, unfair competition under California law, as well as a declaratory judgment of

7    non-infringement and patent invalidity and alleges as follows:

8                               **NATURE OF THE ACTION**

9         1.     This case relates to Toyo's unlawful misuse of certain U.S. design

10   patents, its compelled agreement within the United States tire distributing

11   companies to boycott Sentury, and its foreclosure of certain Sentury tires from the

12   United States tire market with the effect that, upon information and belief, Toyo

13   was able to create and maintain a high profit margin or increase the price of its tires

14   otherwise competitive with the Sentury tires, and otherwise deprive U.S. consumers

15   of an affordable alternative to Toyo tires.  This case also relates to the letter mailed

16   to Sentury by Toyo Tire and Rubber Co., Ltd. ("Toyo Tire") asserting that

17   Sentury's tires "may" infringe U.S. Design Patent No. 675,150 ("the '150 patent"),

18   which letter was issued nearly a year after Toyo had put into operation the boycott

19   and exclusion of the Sentury tires.

20        2.     Toyo entered the U.S. tire market in the early 1980's and was active in

21   fostering a market for high performance sporting tires which appealed to young

22   American drivers. Largely because Toyo's tires did not experience significant

23   competition in this new market, they were not price sensitive nor did they reflect

24   the evolving tastes of young American drivers. Consequently, in the late 1990's and

25   2000's, Toyo began to experience competition from foreign tire manufacturers in

26   the high performance sporting tire market from tire designs which appealed to

27   young American drivers and at more competitive price points. Rather than

28

Edwards Wildman
Palmer LLP
Attorneys at Law

AM 37127001                   - 2 -              COMPLAINT FOR ANTITRUST, UNFAIR
COMPETITION, AND DECLARATORY
JUDGMENT

1   competing on the basis of design and price, Toyo was determined to take steps to

2   thwart its nascent competition.

3        3.     In 2013, Toyo filed a complaint with the U.S. International Trade

4   Commission ("ITC Action") and then complaints in the courts of this District

5   ("District Court Action") against nearly two dozen foreign tire manufacturers and

6   domestic tire distributors for alleged infringement of certain Toyo design patents.

7   In 2013 and 2014, Toyo coerced fifteen respondents in these proceedings to enter

8   into settlement agreements which required the foreign tire manufacturers and the

9   domestic tire distributors to stop selling in the United States allegedly infringing

10  tires identified in the settlement agreements. These agreements were entered into in

11  this judicial District.  A public version of one of such settlement agreements is

12  attached as Exhibit A.

13       4.     It is not uncommon to settle an ITC proceeding with settlement

14  agreements that exclude the importation of allegedly infringing products named in

15  such a proceeding.  However, such agreements can only be lawful where they are

16  generally limited to respondents to the ITC proceeding and where the products

17  affected by the settlement agreements are the subject of such proceeding.  That was

18  not the case with Sentury on the tire at issue in this case.

19       5.     In its complaints filed with the ITC and the District Court, Toyo

20  neither named Sentury as a respondent nor alleged that Sentry or any of its products

21  had infringed any of Toyo's design patents.  Sentury was not a party to any of the

22  settlement agreements.  Indeed, the '150 patent at issue in this case was not asserted

23  in either the Toyo ITC Action or the District Court Actions.  Nonetheless, in the

24  settlement agreements, Toyo falsely and in bad faith listed (without notice to

25  Sentury) one of Sentury's tires, the Landsail Winterstar (Landsail Trailblazer

26  CLV6) (the "Sentury tire"), as an infringing tire and one that the settlement

27  agreement signators were required not to make, sell or otherwise deal in.  Toyo

28  listed the Sentury tire when it knew that Sentury was not a party to the ITC Action,

EDWARDS WILDMAN
PALMER LLP
ATTORNEYS AT LAW

AM 37127001                          - 3 -                    COMPLAINT FOR ANTITRUST, UNFAIR
                                                              COMPETITION, AND DECLARATORY
                                                              JUDGMENT

1    had not been given notice of the listing, and was therefore, not in a position to

2    demonstrate the sham nature of the Toyo claim of infringement. Furthermore, Toyo

3    made no effort to test the validity of the '150 patent as against the Sentury tire

4    before engaging in the anticompetitive conduct which intentionally injured Sentury.

5    The effect of this listing in each of the settlement agreements was to cause domestic

6    tire distributors to cancel any orders that they had with Sentury for the tire, and to

7    make it impossible for Sentury to offer its tire to American consumers. In addition,

8    Sentury was forced to incur new molding charges for the Sentury tire and suffered

9    substantial losses (based upon historic sales growth projections) in new tire sales,

10   all as a result of Toyo's unlawful scheme to boycott Sentury and its tires in the

11   United States.

12          6.      By foreclosing the Sentury tire from the domestic tire industry, Toyo's

13   conduct has the effect of impairing the sale of an alternate, price-sensitive tire to

14   U.S. consumers, and, on information and belief, caused other foreign tire

15   manufacturers to avoid competing directly with Toyo for fear of experiencing the

16   same fate suffered by Sentury. In the absence of the Sentury tire, Toyo was, upon

17   information and belief, able to maintain its high profit margins and increase the

18   price of its tires. In short, by adding to the list of prohibited tires in the settlement

19   agreements those tires that were neither made by any named respondent nor alleged

20   as infringing products in the ITC complaint, Toyo was able to deny U.S. consumers

21   access to tires otherwise competitive with Toyo tires and to thwart the competition

22   presented by those other foreign manufacturers.

23          7.      The settlement agreements also contained a no-challenge clause,

24   whereby Toyo forced the signators, including distributors, to agree not to challenge

25   Toyo's intellectual property, including the '150 patent, even though this patent was

26   not involved in the ITC Action or District Court Action.  As a result, Toyo

27   intentionally utilized the California settlement agreements as a mechanism to

28   defend the validity of the '150 patent by preventing the signators from challenging

EDWARDS WILDMAN
PALMER LLP
ATTORNEYS AT LAW
AM 37127001                    - 4 -                    COMPLAINT FOR ANTITRUST, UNFAIR
COMPETITION, AND DECLARATORY
JUDGMENT

1    the validity of this patent.  Toyo also used these settlement agreements as a vehicle
2    to enforce their rights under the '150 patent by preventing the signators and their
3    distributors from selling tires, including Sentury's Landsail Trailblazer CLV6 tire,
4    which Toyo falsely alleged was covered by the '150 patent.

5        8.    Toyo claims to be the owner by assignment of the '150 patent, copy
6    attached hereto as Exhibit B.

7        9.    The '150 patent identifies Yoshiki Sato as the sole inventor.

8        10.   After placing into operation the unlawful boycott and exclusion of
9    Sentury's tires, Toyo furthered its sham claim of infringement of the '150 patent by
10   sending Sentury letters (through counsel) dated August 1, 2014 and August 4, 2014,
11   attached as Exhibit C ("The Toyo Demand Letters") asserting that there "may" be
12   infringement of its patent by the Landsail Trailblazer CLV6.  The letters inform
13   Sentury that Toyo is the alleged owner of the '150 patent, enclose a copy of the
14   '150 patent, and state that "Sentury Tire is selling Landsail LS588UHP . . . in the
15   United States" [and] "[i]t is our belief that the design of the Landsail LS588 UHP
16   tire (known also as Landsail Trailblazer CLV6) is substantially similar to the design
17   protected by the '150 patent and therefore may be infringing that patent"
18   (collectively, the "Accused Product").  Toyo further noted in its letter that it
19   "vigorously defends its intellectual property rights" and further that "[n]obody may
20   make or sell tires that incorporate Toyo's proprietary designs without Toyo's
21   permission," and demanded, among other things, that Sentury "immediately
22   discontinue selling and offering for sale," the Accused Product.

23       11.   While Toyo's cease and desist letters were mailed to Sentury Tire
24   Americas in Florida, this company is not an independent legal entity, but rather a
25   d/b/a for Sentaida International, Inc., a California company.  Based on information
26   and belief, Toyo knew or should have known that despite the mailing address of the
27   recipient, Toyo's letters were in actuality directed to the real entity in interest,
28   Sentaida International, Inc. in California.  Therefore, Toyo effectively sent the

Edwards Wildman
Palmer LLP
Attorneys At Law
AM 37127001                           - 5 -                    COMPLAINT FOR ANTITRUST, UNFAIR
                                                              COMPETITION, AND DECLARATORY
                                                                                    JUDGMENT

1    cease-and-desist letters to Sentaida International, Inc. – a company within this

2    judicial District.

3         12.    Sentury denies the claim that the Accused Product infringes the '150

4    patent. If Toyo believed that Sentury infringed Toyo's '150 patent, then it would

5    have added Sentury to the ITC complaint to test the '150 patent instead of

6    surreptitiously adding the Sentury tire to a list of tires in the settlement agreements

7    in the ITC Action, which settling respondents were required to cease selling.

8         13.    As a result of Toyo's assertion that Sentury is infringing the '150

9    patent, and Sentury's denial of the same, an actual and justiciable controversy exists

10   between the parties of sufficient immediacy and reality to warrant issuance of a

11   declaratory judgment under 28 U.S.C. §§ 2201 and 2202 as to the alleged

12   infringement of the design claimed in the '150 patent by Sentury products,

13   including the Accused Product.

14                                      **PARTIES**

15        14.    Plaintiff Sentury is a California corporation with its principal place of

16   business located at 16000 NW 59th Avenue, Miami Lakes, Florida 33014.  Sentury

17   imports and sells its Landsail brand tires in the North, Central and South American

18   markets through a network of tire distributing companies, including some signators

19   to the settlement agreements imposed by Toyo in connection with its ITC complaint

20   and District Court complaints.  The Landsail brand incorporates a sophisticated

21   tread design, advanced compounding, steel-belted strength and endurance and is a

22   high performance tire for more discriminating drivers looking for performance,

23   styling and value. Sentury purchases its tires from its corporate parent Qingdao

24   Sentury Tire Co., Ltd. ("Qingdao Sentury"), a Chinese corporation, on an FOB

25   Qingdao basis.

26        15.    Defendant Toyo Tire is a Japanese company with its principal place of

27   business at 1-17-18 Edobari, Nishi-ku, Osaka 550-8661, Japan.  Toyo Tire

28   manufactures, sells and exports tires to the United States and has actively engaged

EDWARDS WILDMAN
PALMER LLP
ATTORNEYS AT LAW

AM 37127001                              - 6 -                COMPLAINT FOR ANTITRUST, UNFAIR
                                                             COMPETITION, AND DECLARATORY
                                                                              JUDGMENT

1   in business in this District.  It controls the operations of its U.S. subsidiaries in this

2   District, and in particular the conduct at issue in this case.  Toyo Tire has also

3   sought the protection of the courts in this District by the filing of an action with

4   case number CV 14-00024-CJC (JPRx) seeking to enforce tire design patents.  In

5   addition, Toyo Tire is a party to the settlement agreements at issue in this case,

6   which were entered into in this District, and contain a provision whereby Toyo Tire

7   consented to be sued in this District in connection with any disputes arising from

8   the settlement agreements.  In so doing, Toyo Tire has waived any objection to

9   venue or personal jurisdiction.

10          16.    Defendant Toyo Tire Holdings of Americas Inc. ("Toyo Holdings") is

11   a California corporation with its principal place of business in this District at 5665

12   Plaza Drive, Suite 200, Cypress, California 90630. Toyo Holdings is a holding

13   company and through its domestic subsidiaries manufactures and markets tires in

14   the U.S.  Toyo Holdings is a subsidiary of Toyo Tire and is subject to its control,

15   generally and in connection with the conduct alleged herein.  In addition, Toyo

16   Holdings is a party to the settlement agreements at issue in this case, which were

17   entered into in this District, and which contain a provision whereby Toyo Holdings

18   consented to be sued in this District in connection with any disputes arising from

19   the settlement agreements. These settlement agreements were signed by Toyo

20   Holding's Senior VP and general counsel, on behalf of all Toyo parties, and

21   provide that notices for each of the Toyo parties be delivered to him.

22          17.    Defendant Toyo Tire U.S.A. Corp. ("Toyo U.S.A.") is a California

23   corporation with its principal place of business in this District at 5665 Plaza Drive,

24   Suite 300, Cypress, California.  Toyo U.S.A. is the exclusive importer and

25   distributor of "Toyo" brand tires, and is a wholly-owned subsidiary of Toyo Tire.

26   Toyo U.S.A. is the marketing arm of Toyo Tire in the United States and sells Toyo

27   tires through nearly 2,000 independent tire distributors across the United States.

28   Toyo U.S.A. has also sought the protection of the courts in this District by the filing

EDWARDS WILDMAN
PALMER LLP
ATTORNEYS AT LAW

AM 37127001                                    - 7 -                  COMPLAINT FOR ANTITRUST, UNFAIR
                                                                         COMPETITION, AND DECLARATORY
                                                                                                JUDGMENT

1    of an action with case number CV 14-00024-CJC (JPRx) seeking to enforce tire

2    design patents. In addition, Toyo U.S.A. is a party to the settlement agreements at

3    issue in this case, which were entered into in this District, and which contain a

4    provision whereby Toyo U.S.A. has consented to be sued in this District in

5    connection with any disputes arising from the settlement agreements.

6         18.   Defendant Nitto Tire U.S.A. Inc. ("Nitto Tire") is a California

7    corporation with its principal place of business in this District at 5665 Plaza Drive,

8    Suite 250, Cypress, California 90630. Nitto Tire is a wholly-owned subsidiary of

9    Toyo Holdings and is the exclusive importer and distributor of "Nitto" brand tires

10   made both in the United States and Japan. Nitto's exclusive distributorship

11   amounts to an exclusive license to sell the Nitto products. Nitto Tire engages in the

12   business of developing, engineering and testing high performance tires for light

13   trucks, SUVs and high performance cars. Nitto Tire currently sells a wide range of

14   passenger and light truck tires through a network of national dealers. In addition,

15   Nitto Tire is a party to the settlement agreements at issue in this case, which were

16   entered into in this District, and which contain a provision whereby Nitto Tire

17   consented to be sued in this District in connection with any disputes arising from

18   the settlement agreements.

19        19.   Defendant Toyo Tire North America Manufacturing Inc. ("Toyo NA")

20   is a Georgia corporation with its principal place of business at 3660 Highway 411

21   NE, White, Georgia. Toyo NA is a wholly-owned subsidiary of Toyo Holdings that

22   manufactures tires in a manufacturing and warehousing facility in Georgia. Toyo

23   Holdings has numerous other locations throughout the United States, which support

24   its operations, including sales, marketing space and warehousing, testing and

25   service centers. In addition, Toyo NA is a party to the settlement agreements at

26   issue in this case, which were entered into in this District, and which contain a

27   provision whereby Toyo NA consented to be sued in this District in connection

28   with any disputes arising from the settlement agreements.

## JURISDICTION AND VENUE

20.     Sentury brings claims against all Toyo defendants under the Sherman Act, 15 U.S.C. § 1, and seeks damages and injunctive relief pursuant to 15 U.S.C. §§15 (a) and 26.  This Court has subject matter jurisdiction over Toyo with respect to the Sherman Act claims pursuant to 28 U.S.C. §§ 1331 and 1337.

21.     This action also arises under the patent laws of the United States, Title 35 of the United States Code, § 1 *et seq.*, with a specific remedy sought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Sentury brings declaratory judgment claims of non-infringement and invalidity of the '150 patent against Toyo Tire, Toyo Holdings and Nitto Tire. An actual, substantial, and continuing justiciable controversy exists between Sentury and these Toyo defendants that requires a declaration of rights by this Court.  This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

22.     Sentury also brings a California State Cartwright Act claim and a state law claim for unfair competition under California Business & Professional Code § 17200 against all Toyo defendants.  This Court has supplemental subject matter jurisdiction over these state law claims, pursuant to 28 U.S.C. § 1367.

23.     This Court has personal jurisdiction over Toyo U.S.A., Nitto Tire and Toyo Holdings for all causes of action alleged herein, because these Toyo defendants are California corporations with their corporate headquarters and principal places of business in the Central District of California, and therefore, have engaged in continuous and systematic business contacts within this District.

24.     In addition, there is personal jurisdiction over all Toyo defendants with respect to Sentury's Sherman Act Claims pursuant to Section 26 of the Clayton Act; as well as the fact that the Toyo defendants are parties to the settlement agreements at issue in this case, which were entered into in this District and contain a provision whereby Toyo consented to be sued in this District in connection with

EDWARDS WILDMAN
PALMER LLP
ATTORNEYS AT LAW

AM 37127001                              - 9 -                    COMPLAINT FOR ANTITRUST, UNFAIR
                                                                 COMPETITION, AND DECLARATORY
                                                                 JUDGMENT

1    any disputes arising from the settlement agreements; and because of Toyo's

2    involvement in specific acts within this District that have resulted in injury to

3    Sentury.

4           25.    There is an additional basis for personal jurisdiction over Toyo Tire

5    and Toyo U.S.A. for the antitrust claims because these defendants have

6    purposefully availed themselves of the jurisdiction of this Court by actively seeking

7    the protection of the courts in this District through their filing of at least one recent

8    complaint (case number CV 14-00024-CJC (JPRx)), which seeks to enforce their

9    tire design patents.

10          26.    The Court has personal jurisdiction over Sentury's Declaratory

11   Judgment claims of patent non-infringement and invalidity against Toyo Tire, Toyo

12   Holdings and Nitto Tire by virtue of the cease and desist letters Toyo Tire sent to

13   Sentury, as well as Toyo's use of the settlement agreements as vehicles for the

14   enforcement and defense of the validity of the '150 patent.  In addition, Toyo Tire

15   has engaged in purposeful contacts within this District, including, on information

16   and belief, Toyo's substantial business contact with customers residing in this

17   District; its consent to be sued in the Central District of California in connection

18   with any disputes arising from the settlement agreements at issue in this case; its

19   filing of a patent infringement lawsuit in the Central District of California; its

20   control over the general business of the Toyo U.S. companies; and its control over

21   the specific acts within this District that have resulted in injury to Sentury.

22          27.    This Court also has supplemental personal jurisdiction over the

23   California State Cartwright Act claim, the California unfair competition claim and

24   the declaratory judgment claims of patent non-infringement and patent invalidity,

25   pursuant to 28 U.S.C. § 1367, because these claims arise out of a common nucleus

26   of operative fact as Sentury's antitrust claims, as they concern the efforts of Toyo to

27   prevent Sentury from selling its tires in the United States *inter alia* through the

28   enforcement mechanism of the settlement agreements.

EDWARDS WILDMAN
PALMER LLP
ATTORNEYS AT LAW

AM 37127001                              - 10 -                    COMPLAINT FOR ANTITRUST, UNFAIR
                                                                   COMPETITION, AND DECLARATORY
                                                                   JUDGMENT

1    28.    Venue is proper in this District pursuant to 15 U.S.C. §§ 15 (a) and 22,

2  and 28 U.S.C. § 1391, because the defendants are found in and transact business in

3  this District, and the events giving rise to the claims asserted herein occurred in this

4  District.

5  ## BACKGROUND FACTUAL ALLEGATIONS

6    29.    Toyo Tire entered the U.S. high performance sporting tire market in

7  1975. It began to expand its U.S. market presence in the early 2000's with the

8  construction of a tire manufacturing plant in White, Georgia.

9    30.    Sentury entered the U.S. high performance sporting tire market in

10  2008. In 2013, all North, Central and South American tire operations were

11  consolidated. Led by a European technology team with over 80 years of experience

12  in tire research and development, Qingdao Sentury began establishing a presence in

13  the major international tire markets beginning in 2008. Sentury began selling its

14  Landsail tires as an affordable performance tire for light trucks, SUVs and cars in

15  2011.

16    31.    Sales of Landsail Trailblazer CLV6 began in 2013 with 11,000 tires

17  being ordered by U.S. distributors. Although a new entrant to the U.S. high

18  performance sporting tire market, upon information and belief, the Landsail

19  Trailblazer quickly started taking sales from Toyo's competing tires.

20    32.    The aggressive entrance by Sentury tires and other foreign

21  manufacturers into the U.S. high performance sporting tire market in the late 1990's

22  and 2000's caused, upon information and belief, Toyo to pursue methods to thwart

23  such entry, including the filing of the ITC complaint in September 2013. In that

24  complaint, Toyo claimed infringement of its design patents by manufacturers,

25  exporters, importers, distributors and dealers, including many of the largest

26  domestic tire distributors in the U.S. In response to these claims, 15 of the ITC

27  respondents entered into confidential settlement agreements, which included a list

28  of tires that the settling respondents were required to cease doing business with.

EDWARDS WILDMAN
PALMER LLP
ATTORNEYS AT LAW

AM 37127001                                   - 11 -

COMPLAINT FOR ANTITRUST, UNFAIR
COMPETITION, AND DECLARATORY
JUDGMENT

1   This list included tires of competitors in the high performance sporting tire market.

2   (Exhibit A).

3   **HARM TO CONSUMERS, COMPETITION AND SENTURY**

4   33.   Toyo's settlement agreements caused substantial foreclosure that

5   harmed consumers, competition and Sentury.

6   34.   The inclusion in the settlement agreements of more than a dozen

7   popularly selling tires manufactured by foreign manufacturers not named in the ITC

8   complaint and not alleged in the District Court complaint to have violated Toyo's

9   patents, including Sentury's Landsail Trailblazer CLV6, the failure to inform the

10   manufacturers of such inclusion that foreclosed their ability to challenge the

11   assertion of infringement and the prohibition to deal in these tires as required under

12   the settlement agreements, allowed Toyo to misuse its design patents using sham

13   allegations to exclude such tires from the U.S. high performance sporting tire

14   market.

15   35.   By including domestic tire distributors in the ITC proceeding and the

16   resulting settlement agreements, Toyo was able to thwart Sentury's (and the other

17   foreign manufacturers') sale of tires through the high performance sporting tire

18   distribution system. By this foreclosure, Toyo deprived consumers of affordable

19   alternatives to Toyo tires.

20   36.   By including tires manufactured by Sentury and other foreign

21   manufacturers who were not named in the ITC complaint in the list of prohibited

22   tires in the settlement agreements, Toyo was able to misuse its legitimate patent

23   rights to foreclose lawful competition in the U.S. high performance sporting tire

24   market.

25   37.   By including a tire manufactured by Sentury in the settlement

26   agreements when Sentury was not named as a respondent to the ITC complaint,

27   Toyo was able to foreclose the Sentury tire from the high performance sporting tire

28

AM 37127001                     - 12 -                COMPLAINT FOR ANTITRUST, UNFAIR
                                                       COMPETITION, AND DECLARATORY
                                                                            JUDGMENT

1    market, and to cause Sentury to suffer significant competitive injury as a result

2    thereof.

3    <center>**FIRST CAUSE OF ACTION**</center>

4    <center>**(GROUP BOYCOTT VIOLATION OF SECTION 1 OF**</center>

5    <center>**THE SHERMAN ACT, 15 U.S.C. § 1)**</center>

6    38.    Sentury repeats and realleges the allegations contained in paragraphs 1

7    through 37 as if fully set forth herein.

8    39.    Toyo's settlement agreements, which require that all signators of the

9    settlement agreements refuse to deal with Sentury's Landsail Trailblazer CLV6 tire,

10   constitute a hub and spoke group boycott that is a *per se* unreasonable restraint of

11   trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Alternatively,

12   such settlement agreements are unlawful under a rule of reason analysis in that they

13   are wholly lacking in any rational economic justification.

14   40.    Toyo's sham assertion of infringement of its design patents permitted

15   it to compel the domestic tire distributors named in the ITC claims and the

16   settlement agreements to refuse to do business with Sentury and facilitated the

17   group boycott across the U.S. high performance sporting tire market.

18   <center>**SECOND CAUSE OF ACTION**</center>

19   <center>**(VIOLATIONS OF THE CARTWRIGHT ACT, SECTIONS 16720-16728)**</center>

20   41.    Sentury repeats and realleges the allegations contained in paragraphs 1

21   through 40 as if fully set forth herein.

22   42.    Toyo's foreclosure of Sentury from the domestic tire market and its

23   group boycott of Sentury violate the Cartwright Act, California Business and

24   Professions Code Section 16720-16728.  The Cartwright Act's prohibitions of these

25   types of conduct mirror the Sherman Act's.

26   43.    Accordingly, for the same reasons that Toyo's conduct violates the

27   Sherman Act, it also violates the Cartwright Act.

28

EDWARDS WILDMAN
PALMER LLP
ATTORNEYS AT LAW

AM 37127001                    - 13 -                    COMPLAINT FOR ANTITRUST, UNFAIR
COMPETITION, AND DECLARATORY
JUDGMENT

### THIRD CAUSE OF ACTION
### (UNFAIR COMPETITION UNDER
### CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200)

44.    Sentury repeats and realleges the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45.    Toyo's actions in negotiating and entering into settlement agreements concerning the enforcement of its intellectual property is a business practice under California State law of unfair competition.

46.    Toyo's conduct described above, including the improper inclusion of Sentury's Landsail Trailblazer CLV6 tire, as well as the '150 patent, in its settlement agreements, constitutes unlawful and unfair business activity in violation of California Business & Professional Code Section 17200.

47.    Specifically, as alleged herein, Toyo's conduct constitutes "unfair" business practices.  A practice may be deemed unfair even if not specifically proscribed by some other law.  For example, conduct, like here, which significantly threatens or harms competition, or threatens an incipient violation of an antitrust law, may be deemed "unfair."

48.    As alleged herein, Toyo's anticompetitive conduct is also "unlawful." Toyo's violations of the federal antitrust laws, or other laws alleged herein, satisfy the "unlawful" prong of Section 17200.

49.    By reason of, and as a direct and proximate result of, Toyo's unlawful and unfair conduct, Sentury has suffered and will continue to suffer financial injury to its business and property.  As discussed above, as a result of Toyo's foreclosure of Sentury from the domestic tire market and its group boycott of Sentury, the signators and distributors were prevented from buying Sentury tires, which resulted in Sentury's loss of business, sales and profits from those sales.

50.    Toyo's unfair and unlawful conduct has caused harm to Sentury, competition and consumers.

EDWARDS WILDMAN
PALMER LLP
ATTORNEYS AT LAW

AM 37127001                - 14 -                COMPLAINT FOR ANTITRUST, UNFAIR
COMPETITION, AND DECLARATORY
JUDGMENT

1     51.    Pursuant to Section 17203, the entry of permanent and mandatory

2   injunctive relief against Sentury is necessary to enjoin Toyo's ongoing wrongful

3   business conduct.  An injunction is needed to restore competition in the market for

4   high performance sporting tires, because there is no adequate relief at law.

5                **FOURTH CAUSE OF ACTION**

6      **(DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

7                 **OF THE '150 PATENT)**

8     52.    Sentury restates and incorporates by reference the allegations in

9   Paragraphs 1 through 51 above as if fully set forth herein.

10     53.    Toyo claims to be the owner and assignee of all right, title and interest

11   in and under the '150 patent.

12     54.    An actual, substantial, immediate and justiciable controversy has

13   arisen and now exists between the parties with respect to the alleged infringement

14   of the '150 patent by virtue of the Toyo Demand Letters.  Sentury contends that

15   Sentury's products, including the Landsail LS588UHP, also known as Landsail

16   Trailblazer CLV6, has not infringed and does not infringe any valid claim of the

17   '150 patent, through its using, selling and/or offering for sale, in the United States

18   and/or importing into the United States, the Accused Product.  Upon information

19   and belief, Toyo disputes these contentions.

20     55.    Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of

21   the respective rights of the parties with respect to the alleged infringement of the

22   '150 patent is necessary and appropriate under the circumstances.

23                 **FIFTH CAUSE OF ACTION**

24        **(DECLARATORY JUDGMENT OF INVALIDITY**

25                **OF THE '150 PATENT)**

26     56.    Sentury restates and incorporates by reference each of the allegations

27   of Paragraphs 1 through 55 as though fully set forth herein.

28

57.   By assertion of the '150 patent, Toyo contends that the '150 patent is valid and has created a substantial, immediate and actual controversy between the parties as to the validity of the '150 patent.

58.   The '150 patent is invalid for failing to satisfy the written description requirement of 35 U.S.C. §112 ¶ 1 because a person of ordinary skill in the art is unable to determine from the patent drawings the manner and process of making and using the invention. Upon information and belief, Toyo disputes this contention.

59.   The '150 patent is invalid for indefiniteness under 35 U.S.C. § 112 ¶ 2 because the patent drawings fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention.  Upon information and belief, Toyo disputes this contention.

60.   Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to the alleged validity of the '150 patent is necessary and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

61.   Sentury demands a trial by jury on all issues triable as a matter of right.

## PRAYER FOR RELIEF

WHEREFORE, Sentury prays for relief as follows:

A.   For a judicial declaration that Toyo has engaged in violations of Section 1 of the Sherman Act and the Cartwright Act.

B.   For a judicial declaration that Toyo has engaged in unfair competition under California law California Business and Professions Code §17200.

C.   For a judicial declaration that Sentury has not and does not infringe any valid claim of U.S. Design Patent No. D675,150 and/or that the '150 patent is invalid;

EDWARDS WILDMAN
PALMER LLP
ATTORNEYS AT LAW

AM 37127001                                - 16 -

COMPLAINT FOR ANTITRUST, UNFAIR
COMPETITION, AND DECLARATORY
JUDGMENT

1       D.    A Court order providing Sentury with restitution under California

2 unfair competition law and enjoining Toyo from enforcing the settlement

3 agreements at issue in this case.

4       E.    A declaration that Toyo's settlement agreements at issue in this case

5 are in violation of law and are null and void;

6       F.    As there is no adequate remedy at law, a Court order issuing a

7 permanent injunction barring Toyo from compelling the parties to the settlement

8 agreements to refuse to deal with Sentury and the other tire manufacturers not

9 named as respondents in the ITC proceeding;

10      G.    A Court order pursuant to Section 12 of the Clayton Act awarding

11 Sentury treble damages it has suffered, or will sustain, by reason of Toyo's

12 unlawful conduct and its reasonable attorneys' fees and costs.

13      H.    A Court order pursuant to the Cartwright Act awarding Sentury treble

14 damages it has suffered, or will sustain, by reason of Toyo's unlawful conduct and

15 its reasonable attorneys' fees and costs.

16      I.    That this case be declared "exceptional" under 35 U.S.C. § 285 and

17 that Sentury be awarded its costs, expenses, and reasonably attorneys' fees incurred

18 in this action as provided by law;

19      J.    That Toyo be ordered to pay all costs associated with this action; and,

20      K.    For such other and further relief as the Court deems just and proper.

21

22

23

24

25

26

27

28

1    Dated:    September 9, 2014              Respectfully submitted,

2

3                                  By: _____

4                                     EDWARDS WILDMAN PALMER LLP
                                      Rory J. Radding (*Pro hac vice*
5                                     forthcoming)
                                      rradding@edwardswildman.com
6                                     Jennifer Dereka (*Pro hac vice*
                                      forthcoming)
7                                     jdereka@edwardswildman.com
                                      Dev Batta (*Pro hac vice* forthcoming)
8                                     dbatta@edwardswildman.com
                                      750 Lexington Avenue
9                                     New York, New York  10022
                                      Phone  (212) 308-4411
10                                    Fax  (212) 308-4844

11

12                                    Jinshu Zhang (No. 166981)
                                      1901 Avenue of the Stars, Suite 1700
13                                    Los Angeles, California  90067
                                      Phone  (310) 860-8705
14                                    Fax  (310) 860-3800
                                      jzhang@edwardswildman.com
15

16                                    Stephen P. Murphy (*Pro hac vice*
                                      forthcoming)
17                                    1875 Eye Street, NW – 8th Floor
                                      Washington, DC  20006
18                                    Phone  (202) 478-7376
                                      smurphy@edwardswildman.com
19

20                                    Attorneys for Plaintiff
                                      Sentaida International, Inc., d/b/a/
21                                    Sentury Tire Americas

22

23

24

25

26

27

28

EDWARDS WILDMAN
PALMER LLP
ATTORNEYS AT LAW

AM 37127001                          - 18 -          COMPLAINT FOR ANTITRUST, UNFAIR
                                                     COMPETITION, AND DECLARATORY
                                                     JUDGMENT

# Exhibit A

PUBLIC VERSION

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement ("Agreement") is made and entered into this 18th day of November 2013 (the "Execution Date") by and between American Omni Trading Co., LLC, a Delaware limited liability company with its principal place of business at 15354 Park Row, Houston, TX 77084 ("Omni"), and Toyo Tire & Rubber Co., Ltd. with its principal place of business at 1-17-18 Edobori, Nishi-ku, Osaka 550-8661, Japan ("Toyo Tire"), Toyo Tire Holdings of Americas Inc. with its principal place of business at 5665 Plaza Drive, Suite 200, Cypress, CA 90630 ("Toyo Holdings"), Toyo Tire U.S.A. Corp. with its principal place of business at 5665 Plaza Drive, Suite 300, Cypress, CA 90630 ("Toyo U.S.A."), Nitto Tire U.S.A. Inc. with its principal place of business at 5665 Plaza Drive, Suite 250, Cypress, CA 90630 ("Nitto") and Toyo Tire North America Manufacturing Inc., 3660 Highway 411 NE, White, GA 30184 ("Toyo NA") (Toyo Tire, Toyo Holdings, Toyo U.S.A., Nitto and Toyo NA collectively, "Toyo").

## RECITALS

**WHEREAS**, Toyo is the owner of multiple pieces of intellectual property, including but not limited to U.S. Design Patent Nos. D487,424 ("'424 Patent"), D626,913 ("'913 Patent") D458,214 ("'214 Patent") (collectively the "Asserted Patents");

**WHEREAS**, Omni, its parents, divisions, subsidiaries, affiliates, successors, and/or assigns, and/or directors, officers, and employees of any of them (collectively, the "Omni Entities") are now or have in the past been in the business of, among other things, manufacturing, selling for importation into the United States, importing into the United States, and/or selling after importation into the United States tires and/or products containing same, some of which Toyo alleges infringes the Asserted Patents, including Wanli S-1089, Thunderer

AM 24921694.3

PUBLIC VERSION

M/T R405, and Concours A/T (collectively, the "Accused Tires");

WHEREAS, Toyo has filed a complaint with the U.S. International Trade Commission captioned *In the Matter of Certain Tires and Products Containing Same*, Inv. No. 337-TA-894 (the "ITC Action"), in which some of Toyo's Intellectual Property (detailed in Exhibit 3), including the Asserted Patents, has been asserted, and in which Omni is a named respondent;

WHEREAS, Toyo is aware of additional tires that it believes infringe other Toyo intellectual property not asserted in the ITC Action, that Toyo believes are currently being imported into the United States, or whose importation is imminent, including:

Toyo's Open Country M/T Trade Dress
- Tri-Ace Fuel Mud Gripper M/T
- Nankang FT-9 (Mud Terrain Terminator)
- AMP M/T Terrain Master
- Atturo Trail Blade

Toyo's Proxes S/T Trade Dress
- Wanli S-1098
- Sunny SN3980

Toyo's Open Country WLT1 Trade Dress
- Durun SW-01

Toyo's Open Country G-02 Plus Trade Dress
- Nexen Winguard SUV

U.S. Patent No. D462,049
- Fullway/Autogrip A/T Trak

U.S. Patent No. D675,150
- Landsail Winterstar (Landsail Trailblazer CLV6)

U.S. Patent No. D684,525
- Tri-Ace Pioneer A/T
- Mark Ma Dakar & Rally A/T

U.S. Patent No. D687,765
- Tri-Ace Pioneer A/T
- Mark Ma Dakar & Rally A/T

AM 24921694.3

Exhibit A
Page 20

PUBLIC VERSION

U.S. Patent No. D516,016
- Wanli S-2085

U.S. Patent No. D626,911
- Sonny Storm

**WHEREAS**, Omni does not admit that it or any of its parents, divisions, subsidiaries, affiliates, successors, and assigns has ever infringed upon any intellectual property of Toyo, including the Asserted Patents; makes no assertion with respect to the validity of the patents; and is only entering this Agreement to avoid litigation costs;

**WHEREAS**, Toyo and Omni (collectively, the "Parties") desire to resolve all disputes relating to the Accused Tires and Toyo's Asserted Patents;

**NOW, THEREFORE**, in consideration of the mutual covenants and obligations contained herein, and subject to the terms and conditions set forth below, the Parties, intending to be legally bound by same, hereby agree as follows:

1.    **Representations and Warrants**

1.1.    Omni represents and warrants that it is involved with the manufacturing, importation into and sale after importation into the United States of the Accused Tires.

1.2.    Upon the execution of this Agreement, Omni represents and warrants that it attaches the true and accurate Affidavit of Tom Brackin, its President, hereto as Exhibit 2, which provides, *inter alia*, the total dollar amount of its sales of the Accused Tires in the United States for the 6-year period prior to the initial filing of the ITC Action on August 14, 2013.

1.3.    Omni represents and warrants that, as of the Execution Date, it has the level of inventory of the Accused Tires in the United States as described in Exhibit 1 attached hereto.

1.4.    Omni represents and warrants that the information contained in the Affidavit of Tom Brackin (attached hereto as Exhibit 2), regarding the Importation and Sale of the Accused Tires is true and correct as of the Execution Date.



AM 24921694.3

Exhibit A
Page 21

PUBLIC VERSION

1.5.     Except for tires in its inventory as of the Execution Date, Omni represents and warrants that no further Accused Tires, or any of the tires listed in the attached Exhibit 4, shall be imported by it, or on its behalf, into the United States after the Execution Date.

1.6.     Omni represents and warrants that no further Accused Tires, or any of the tires listed in the attached Exhibit 4, shall be sold by it or on its behalf after December 31, 2013. Between the Execution Date and December 31, 2013, Omni may sell or otherwise dispose of any Accused Tires or any of the tires listed in the attached Exhibit 4 that are in its inventory as of the Execution Date or have a bill of lading date on or before August 14, 2013.

1.7.     Omni represents and warrants that (i) the manufacture of Concours A/T tires using the molds referenced in Article 2.4 ended on or prior to September 17, 2013, and (ii) no more tires will be made with those molds until such molds have been modified pursuant to Article 2.4.

1.8.     Nothing in this Agreement shall be construed to prevent Omni from manufacturing, importing and/or selling tires other than the Accused Tires or those other tires listed on Exhibit 4.

1.9.     Omni, on behalf of itself, and any of the Omni Entities, represents and warrants that it will not directly or indirectly aid, assist or participate in any action contesting the validity and/or enforceability of any of Toyo's intellectual property listed on Exhibit 3, except as required to comply with any discovery request or subpoena, or as needed in defense of any infringement claim asserted against any of the Omni Entities.

1.10.     Omni represents that it has not filed any application for or otherwise sought any form of intellectual property protection with any government agency in the United States or anywhere in the world, based on any design found as part of either the Accused Tires or the tires listed in Exhibit 4.

1.11.     Omni covenants that it will not file any application for or otherwise seek any form of intellectual property protection with any government agency in the United States or anywhere in the world, based on any design found as part of either the Accused Tires or the tires listed in Exhibit 4, except that Omni may seek intellectual property protection for the design that serves as basis for the mold modification pursuant to Article 2.4.

AM 24921694.3

PUBLIC VERSION

1.12.    Omni covenants that it will comply with any subpoena issued in connection with any other legal action that involves the importation and sale of infringing tires wherein Omni was involved in the sale and/or import of the Accused Tires or Exhibit 4 Tires that are the subject of the action.

1.13.    Omni represents and warrants that the person executing this Agreement on its behalf has full authority, competence and power to bind it and the Omni Entities to this Agreement and all of the terms hereof.

1.14.    Toyo represents and warrants that the person executing this Agreement on its behalf has full authority, competence and power to bind it and its affiliates to this Agreement and all of the terms hereof.

2.    **Disposition of Inventory and Equipment.**

2.1.    As of December 31, 2013, Omni shall have sold or otherwise disposed of (a) all the Accused Tires that are in its inventory as of the Execution Date and have a bill of lading date on or prior to August 14, 2013, and (b) all the tires listed on Exhibit 4 that are in its inventory as of the Execution Date and have a bill of lading date on or prior to August 14, 2013.

2.2.    Omni may export any inventory of the Accused Tires (and any tire in inventory which is listed in Exhibit 4), including returned products, out of the United States no later than December 31, 2013.

2.3.    Omni shall provide Toyo with an affidavit describing the disposition of its inventory pursuant to Articles 2.1 and 2.2 no later than January 10, 2014.

2.4.    As promptly as reasonably agreed to by the Parties (but in no event later than 180 days after the Execution Date), Omni shall cause modifications to be made to the molds for the Concours A/T so that the modified molds will reflect the pattern shown on Exhibit 5. Except for the molds for the Concours A/T tire, Omni represents and warrants that none of the Omni Entities owns any other molds or has provided any molds to manufacturers or provided the blueprints of any molds to manufacturers in order that molds be built, where such other molds are or have been used in the creation of the Accused Tires and/or any tire listed in Exhibit 4. Omni merely purchased the Wanli S-1089 and Thunderer R/T 405 without having any influence or ownership over their design or manufacture.

5

PUBLIC VERSION

2.5.    Omni agrees that Toyo has and will have the right to review the proposed modification of the molds, as described in Article 2.4.

2.6.    Omni shall provide Toyo with an affidavit of such modification on completion, but no later than 185 days after the Execution Date.

**3.      Disposition of Claims**

3.1.    Omni, on behalf of itself and all other Omni Entities, subject to the inventory disposition period provided in Articles 2.1 and 2.2, agrees to permanently cease and desist from: (1) the manufacture, sale, offer for sale, distribution, and/or importation of the Accused Tires; and (2) the manufacture, sale, offer for sale, distribution, and/or importation of any tire listed in Exhibit 4.

3.2.    Omni agrees that, upon its breach of any provision of Articles 1.5, 1.6, 2.4, or 3.1, Toyo shall be entitled to immediate relief and to recover from Omni: (1) a 20% royalty on Sales (as defined below) of the Accused Tires and/or tire(s) listed in Exhibit 4, prior to the Execution Date; (2) a 20% royalty on Sales of the Accused Tires and/or tire(s) listed in Exhibit 4 from the Execution Date to judgment or other final disposition of Omni's breach; (3) immediate injunctive relief enjoining the manufacture, sale, offer for sale, distribution, and/or importation of the Accused Tires and/or tire(s) listed in Exhibit 4; and (4) attorney fees expended by Toyo in enforcing this agreement.  Further, in the event of Omni's breach of Articles 1.5, 1.6, 2.4, or 3.1, Omni agrees to stipulate to entry of a judgment and an order to award the above damages and injunctive relief in the United States District Court for the Central District of California.  As used herein, "Sales" means the total compensation and/or value recognized by Omni from the sale and/or exchange of the Accused Tires less freight charges, sales, use or other similar taxes, and less credit for any refunds, rebates, advertising, volume or other marketing allowances, returns and breakage attributable to the sale and/or exchange of the Accused Tires.

3.3.    Omni, on behalf of itself and the Omni Entities, hereby releases, waives, and discharges Toyo, its parents, divisions, subsidiaries, affiliates, successors, and/or assigns, and/or directors, officers, and/or employees of any of them (collectively, the "Toyo Entities") from any and all claims, rights, demands, losses, or causes of action, in law or in equity, of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, against Toyo or any of the Toyo Entities, accruing on or before the date of this Agreement, including, but not



Exhibit A
Page 24

PUBLIC VERSION

limited to, any and all claims, rights, demands, losses, or causes of action based upon, in consequence of, arising out of, or relating to, either directly or indirectly, in whole or in part, the ITC Action, or any subjects or claims that were or could have been asserted in the ITC Action before the ITC or any other tribunal.

3.4.     Subject to the provisions in Article 3.2, Toyo, on behalf of it and the Toyo Entities, hereby releases, waives, and discharges Omni and the Omni Entities from any and all claims, rights, demands, losses, or causes of action, in law or in equity, of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, against Omni or the Omni Entities, accruing on or before the date of this Agreement, including, but not limited to, any and all claims, rights, demands, losses, or causes of action based upon, in consequence of, arising out of, or relating to, either directly or indirectly, in whole or in part, the ITC Action, or any subjects or claims that were or could have been asserted in the ITC Action, before the ITC or any other tribunal.

3.5.     In exchange for Omni's performance of its obligations under this Agreement, Toyo, on behalf of itself and all the other Toyo Parties, hereby releases, waives, and discharges any of Omni's customers who are not named Respondents in the ITC Action and either (1) have acquired the Accused Tires or the other tires listed on Exhibit 4 directly from Omni or any of the Omni Entities on or before December 31, 2013 or (2) have acquired the Accused Tires or the other tires listed on Exhibit 4 indirectly (from an entity which is not Omni or any of the Omni Entities) at any time, from any and all claims, rights, demands, losses, or causes of action, in law or in equity, of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, arising from or relating to such party's direct or indirect purchase of the Accused Tires or other tires listed on Exhibit 4 from Omni or any of the Omni Entities.

3.6.     Toyo shall file a *Motion to Terminate Omni on the Basis of Settlement*, within five (5) business days of the Execution Date.  Omni understands and acknowledges that Toyo intends to continue with the ITC Action.  After the Execution Date, and until such time as the Motion is granted, Toyo will cooperate with Omni to suspend all activities in the ITC Action as between Toyo and Omni.

3.7.     The releases given by the Parties under this Agreement shall not apply to, nor be deemed to, release any rights or duties arising under this Agreement.

7

AM 24921694.3



Exhibit A
Page 25

PUBLIC VERSION

3.8.     The Parties will agree upon language to be used in any press release or other announcement describing the resolution of the ITC Action, as between the Parties.

3.9.     It is further understood and agreed by the Parties that all rights under section 1542 of the California Civil Code, and any similar law of any state or territory of the United States, are hereby waived as to claims which the releasing parties do not know or suspect to exist at the time they execute this release. This section reads as follows:

> A general release does not extend to the claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

3.10.    The Parties understand and acknowledge that the promises stated in this Agreement are a full, final, and complete settlement of all claims of any kind, whether known or unknown, actual or potential, which either Party now has or at any time prior to the Agreement may have had for any acts, omissions, or other conduct of any kind arising out of or relating to the claims asserted in the ITC Action.

3.11.    The Parties warrant, represent, and agree that each of them executes this Agreement with the full knowledge of any and all rights that it may have with respect to the controversies and allegations herein.

3.12.    The Parties acknowledge that they have been represented by counsel at all times or have declined to retain counsel, and that no representation of fact or opinion has been made to them by any other party which in any manner has induced any of the parties to agree to this Agreement.  Furthermore, the Parties acknowledge that they have reviewed, approved, and executed this Agreement in consultation with counsel and further represent that they have read and understand this Agreement and intend to be bound by each provision contained herein.

3.13.    Unless the context otherwise requires, the use of the singular shall include the plural and the use of any gender shall include the others and vice versa.  All references to amounts of currency shall be deemed to refer to United States dollars.

3.14.    Any notice that must be given in accordance herein will be given by overnight mail and electronic mail to the Parties at the following addresses:



Exhibit A
Page 26

PUBLIC VERSION

| To Toyo: | To Toyo's Attorneys: |
|---|---|
| Iori Suzuki | V. James Adduci, II |
| Toyo Tire Holdings of Americas Inc. | Louis S. Mastriani |
| 5665 Plaza Drive, Suite 200 | Adduci, Mastriani & Schaumberg LLP |
| Cypress, CA 90630 | 1133 Connecticut Ave NW |
| | 12th Floor |
| | Washington, DC 20036 |

| To Omni: | To Omni's Attorneys: |
|---|---|
| Tom Brackin | Marguerite Trossevin |
| American Omni Trading Co., LLC | Jochum Shore & Trossevin, PC |
| 15354 Park Row | 1100 H Street NW |
| Houston, TX 77084 | Suite 910 |
| | Washington, DC 20005 |

3.15.    This Agreement may not be waived, repealed, modified, altered, or amended, in whole or in part, except by a written instrument executed by authorized representatives of both Parties.    Waiver by any Party of any breach of any provision of this Agreement shall not constitute a waiver of any other breach of that or any other provision of this Agreement.

3.16.    This Agreement shall be binding upon and inure to the benefit of the Parties named and defined herein.    The Parties acknowledge and represent that none of the claims released herein has been assigned or otherwise transferred to a third party prior to the Execution Date.    Omni agrees that it shall be deemed a breach of this Agreement for any other Omni Party to engage in action or conduct that, if performed by Omni, would constitute a breach or violation of this Agreement.

3.17.    This Agreement, and the Exhibits attached hereto, constitutes the entire Agreement between the Parties with respect to the subject matter hereof, including, but not limited to, any and all claims or contentions relating to the ITC Action or the Accused Tires.

AM 24921694.3



Exhibit A
Page 27

PUBLIC VERSION

This Agreement supersedes and replaces all negotiations, agreements, and understandings between and among the Parties, whether written or oral.

    3.18.    This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument.

    3.19.    If any provision of this Agreement is deemed invalid or unenforceable by a court of competent jurisdiction, the remainder of this Agreement and the application of such provisions to other persons or circumstances shall not be affected thereby and shall be enforced to the full extent of the law. A court of competent jurisdiction is hereby authorized to rewrite or otherwise limit any unenforceable provision to the extent required to make such a provision enforceable.

    3.20.    This Agreement has been and shall be construed to have been drafted by all of the Parties, so that the rule of construing ambiguities against the drafter shall have no force and/or effect.

    3.21.    The terms and contents of this Agreement, and the contents of the negotiations and discussion resulting in this Agreement, shall be maintained as confidential by the Parties and their agents, representatives, and attorneys, and shall not be disclosed to any third parties other than their own personnel, professional advisors, and consultants, except to the extent required by federal or state law, by court order or subpoena provided that the disclosing Party provides the other Party with prompt written notice of such demand (prior to any scheduled disclosure) to permit the other Party to challenge such disclosure or obtain a protective order at the other Party's own expense, or as otherwise provided herein.

    3.22.    This Agreement shall be construed under the laws of the State of California, excluding its conflict of law provisions. THE PARTIES AGREE THAT ANY AND ALL ACTIONS, SUITS, OR OTHER LEGAL PROCEEDINGS ARISING UNDER THIS AGREEMENT MAY BE BROUGHT AGAINST THE OTHER OR ITS EMPLOYEES OR AGENTS ONLY IN THE U.S. COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA (OR A STATE COURT SITUATED WITHIN THAT DISTRICT IF THE FEDERAL COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION), AND THE PARTIES CONSENT TO THE EXCLUSIVE JURISDICTION OF SUCH COURTS IN ANY SUCH LEGAL PROCEEDING. THE PARTIES WAIVE ANY OBJECTION IT MAY NOW OR

AM 24921694.3



Exhibit A
Page 28

PUBLIC VERSION

HEREAFTER HAVE TO THE VENUE OF ANY SUCH LEGAL PROCEEDING IN ANY SUCH COURT AND FURTHER AGREE THAT SUCH COURTS HAVE PERSONAL JURISDICTION OVER THEM, SOLELY WITH RESPECT TO THE ENFORCEMENT OF RIGHTS AND OBLIGATIONS ARISING OUT OF THIS AGREEMENT.

**[The remainder of this page is intentionally left blank. The next page is the signature page.]**



Exhibit A
Page 29

PUBLIC VERSION

SIGNATURE PAGE TO CONFIDENTIAL SETTLEMENT AGREEMENT

American Omni Trading Co., LLC

Toyo Tire & Rubber Co., Ltd.
Toyo Tire Holdings of Americas Inc.
Toyo Tire U.S.A. Corp.
Nitto Tire U.S.A. Inc.
Toyo Tire North America Manufacturing Inc.

_____

Name: Tom Brackin

Title: President

_____

Iori Suzuki

Senior Vice President & General Counsel

12

AM 24921694.3

PUBLIC VERSION

# EXHIBIT 1 – INVENTORY



AM 25199325.2

PUBLIC VERSION



AM 25199325.2

PUBLIC VERSION



AM 25199325.2

PUBLIC VERSION

## UNITED STATES INTERNATIONAL TRADE COMMISSION
### Washington, DC

| In the Matter of | |
|---|---|
| CERTAIN TIRES AND PRODUCTS CONTAINING SAME | Investigation No. 337-TA-894 |

### AFFIDAVIT OF TOM BRACKIN ON BEHALF OF
### AMERICAN OMNI TRADING CO., LLC



AM 24284692.4

PUBLIC VERSION



2

AM 24284692.4

PUBLIC VERSION



Dated:                          <u>Tom Brackin</u>
                                Tom Brackin

AM 24284692.4

Exhibit A
Page 36

PUBLIC VERSION

## ATTACHMENT 1

### PORTS OF ENTRY



PUBLIC VERSION
**ATTACHEMENT 2**





PUBLIC VERSION



AM 24284692.4

PUBLIC VERSION

**ATTACHMENT 4**



7

AM 24284692.4

PUBLIC VERSION

ATTACHMENT 5

PUBLIC VERSION

## ATTACHMENT 6



AM 24284692.4

9

PUBLIC VERSION

**ATTACHMENT 7**



10

AM 24284692.4

PUBLIC VERSION
**ATTACHMENT 8**



PUBLIC VERSION



PUBLIC VERSION

ATTACHMENT 10



13

PUBLIC VERSION

**ATTACHMENT 11**



14

AM 24284692-4

PUBLIC VERSION

# EXHIBIT 3 – TOYO'S INTELLECTUAL PROPERTY

- D487,424
- D610,975
- D610,976
- D610,977
- D615,031
- D626,913
- D458,214
- D653,200
- D462,049
- D675,150
- D684,525
- D516,016
- D626,911
- D687,765
- Open Country MT Trade Dress
- Proxes S/T Trade Dress
- Open Country WLT1 Trade Dress
- Observe Open Country G-O2 Plus Trade Dress

15

Exhibit A
Page 48

PUBLIC VERSION

# EXHIBIT 4 – TIRES

- Concours A/T
- TriAce Fuel Mud Gripper M/T
- Durun Terrain Grabber M/T (Durun Mud Gripper M/T)
- Nankang FT-9 (Mud Terrain Terminator)
- Mark Ma Dakar & Rally M/T
- Mark Ma Dakar & Rally A/T
- AMP M/T Terrain Master
- Atturo Trail Blade M/T
- Wanli S-1098
- Sunny SN3980
- Tri-Ace Dub
- Durun SW-01
- Nexen Winguard SUV

- Tri-Ace Pioneer A/T
- Winrun KF770
- Sunny SN3890
- LionHart LH-3
- Lexani LX-Six
- Wanli S-1089
- Thunderer M/T R405
- Landsail Winterstar (Landsail Trailblazer CLV6)
- Fullway / Autogrip A/T Trak
- Wanli S-2085
- Sonny Storm

AM 24921694.3

16



Exhibit A
Page 49

PUBLIC VERSION

## EXHIBIT 5 – MODIFICATIONS TO MOLDS



AM 24921694.3

PUBLIC VERSION



AM 24921694.3

18

PUBLIC VERSION



19

AM 24921694.3

# Exhibit B



US00D675150S

(12) **United States Design Patent**       (10) **Patent No.:**       **US D675,150 S**

Sato                                        (45) **Date of Patent:**  **         **   **Jan. 29, 2013**

(54) **TIRE**

(75) Inventor:   **Yoshiki Sato**, Osaka (JP)

(73) Assignee:   **Toyo Tire & Rubber Co., Ltd.**, Osaka (JP)

(**) Term:       **14 Years**

(21) Appl. No.: **29/403,132**

(22) Filed:      **Sep. 30, 2011**

(30)             **Foreign Application Priority Data**

Jul. 15, 2011   (JP) ................................ 2011-016329

(51) **LOC (9) Cl.** ......................................... **12-16**
(52) **U.S. Cl.** ............................................. **D12/531**
(58) **Field of Classification Search** ......... D12/505–532;
      152/209.1, 209.8, 209.9, 209.12, 209.18,
      152/209.25
      See application file for complete search history.

(56)             **References Cited**

U.S. PATENT DOCUMENTS

D483,005  S  *  12/2003  Hirai ............................ D12/519
D581,345  S  *  11/2008  Lee et al. ..................... D12/517

FOREIGN PATENT DOCUMENTS

JP          1334141        6/2008

* cited by examiner

*Primary Examiner* — George D Kirschbaum
(74) *Attorney, Agent, or Firm* — Sterne, Kessler, Goldstein & Fox PLLC

(57)             **CLAIM**

The ornamental design for a tire, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of a tire showing my new design;
FIG. **2** is a front view thereof;
FIG. **3** is a rear view thereof;
FIG. **4** is a top plan view thereof;
FIG. **5** is a bottom plan view thereof;
FIG. **6** is a right side view thereof;
FIG. **7** is a left side view thereof;
FIG. **8** is an enlarged view taken along line **8-8** in FIG. **2**; and,
FIG. **9** is an enlarged cross-sectional view taken along line **9-9** in FIG. **6** and line **9-9** in FIG. **8**.
In the drawings, the broken lines defining portions of the sidewall and inner bead depict environmental subject matter that forms no part of the claimed design.

**1 Claim, 8 Drawing Sheets**





**U.S. Patent**   Jan. 29, 2013   Sheet 1 of 8   US D675,150 S



**FIG. 1**



8          8

## FIG. 2



# FIG. 3



# FIG. 4



**FIG. 5**

**U.S. Patent**      Jan. 29, 2013      Sheet 6 of 8      US D675,150 S



**FIG. 6**



**FIG. 7**



**FIG. 8**



**FIG. 9**

# Exhibit C



ADDUCI  MASTRIANI
& SCHAUMBERG LLP

ATTORNEYS AT LAW
1133 CONNECTICUT AVENUE, N.W.  WASHINGTON, DC 20036
Tel:(202) 467-6300   Fax:(202) 466-2006   Web:www.adduci.com

August 4, 2014

V JAMES ADDUCI II
LOUIS S MASTRIANI
TOM M SCHAUMBERG
DEANNA TANNER OKUN
WILL E LEONARD
MUNFORD PAGE HALL II
MICHAEL L DOANE
SARAH E HAMBLIN
WILLIAM C SJOBERG
JONATHAN J ENGLER
DAVID H HOLLANDER JR
PAUL M BARTKOWSKI
DEBORAH S STRAUSS
QIAN SHENG *
KATHERINE R LAHNSTEIN
DANIEL F SMITH
ASHA ALLAM
BEAU A JACKSON
THOMAS R BURNS JR
ROWAN M DOUGHERTY
EVAN H LANGDON
EMI ITO ORTIZ
DANA L WATTS
LAUREN E PETERSON

OF COUNSEL
JOHN C STEINBERGER

*admitted to a bar other
than DC, practice limited
to federal courts & agencies

HARVEY B FOX (1941-2010)

AFFILIATE
AM&S TRADE SERVICES LLC
CARLOS MOORE, PRESIDENT

**VIA FEDERAL EXPRESS**

Sentury Tire Americas
16000 NW 59th Avenue
Suite 4 & 5
Miami Lakes, FL 33014

     Re:    Notice of Possible Infringement of
             <u>U.S. Patent Nos. D675,150 and D487,424 Follow-up</u>

Dear Sir or Madam:

    Attached are copies of U.S. design patents D675,150 and D487,424. The patents were referenced in the letter dated August 1, 2014 and were inadvertently not included.

    Please acknowledge receipt of this letter no later than August 11, 2014, and confirm that Sentury has taken the actions requested in the August 1, 2014, letter. We are available to discuss these issues at your convenience and may be contacted at 202-467-6300.

                Sincerely,

                *Daniel F. Smith*

                Daniel F. Smith

DFS:ech
Enclosures
TOYO301414-2

Exhibit C
Page 62



ADDUCI MASTRIANI
& SCHAUMBERG LLP

ATTORNEYS AT LAW
1133 CONNECTICUT AVENUE, N.W.  WASHINGTON, DC 20036
Tel:(202) 467-6300   Fax:(202) 466-2006   Web:www.adduci.com

V JAMES ADDUCI II
LOUIS S MASTRIANI
TOM M SCHAUMBERG
DEANNA TANNER OKUN
WILL E LEONARD
MUNFORD PAGE HALL II
MICHAEL L DOANE
SARAH E HAMBLIN
WILLIAM C SJOBERG
JONATHAN J ENGLER
DAVID H HOLLANDER JR
PAUL M BARTKOWSKI
DEBORAH S STRAUSS
QIAN SHENG
KATHERINE R LAHNSTEIN
DANIEL F SMITH
ASHA ALLAM
BEAU A JACKSON
THOMAS R BURNS JR
ROWAN M DOUGHERTY
EVAN H LANGDON
EMILIO ORTIZ
DANA L WATTS
LAUREN E PETERSON

OF COUNSEL
JOHN C STEINBERGER
*admitted to a bar other
than DC; practice limited
to federal courts & agencies

HARVEY B FOX (1941-2010)

AFFILIATE
AMS TRADE SERVICES LLC
CARLOS MOORE, PRESIDENT

August 1, 2014

**VIA FEDERAL EXPRESS**

Sentury Tire Americas
16000 NW 59th Avenue
Suite 4 & 5
Miami Lakes, FL 33014

       Re:     Notice of Possible Infringement of
                <u>U.S. Patent Nos. D675,150 and D487,424</u>

Dear Sir or Madam:

    We represent Toyo Tire and Rubber Co., Ltd. in intellectual property matters, including before the United States International Trade Commission and Federal Courts. Toyo Tire and Rubber Co. Ltd. is the legal owner of U.S. design patents D675,150 ("the '150 Patent") and D487,424 ("the '424 Patent"). Copies of these patents are attached for your reference.

    It has come to Toyo's attention that Sentury tire is selling Landsail LS588 UHP and Delinte Dub tires in the United States. It is our belief that the design of the Landsail LS588 UHP tire (known also as Landsail Trailblazer CLV6) is substantially similar to the design protected by the '150 Patent and therefore may be infringing that patent. Toyo is currently selling its Nitto Motivo tires in the United States, which embody the design protected by the '150 Patent. We provide a chart providing a side-by-side comparison of the Landsail LS588 UHP tire and the '150 Patent below.

Exhibit C
Page 63

Sentury Tire Americas
August 1, 2014
Page 2



| '150 Patent | Landsail LS588 UHP Tire |
|---|---|

It is also our belief that the design of the Delinte Dub tire is substantially similar to the design protected by the '424 Patent and therefore may be infringing that patent. Toyo is currently selling its Proxes 4 tires in the United States, which embody the design protected by the '424 Patent. We provide a chart providing a side-by-side comparison of the Delinte Dub tire and the '424 Patent below.

Exhibit C
Page 64

Sentury Tire Americas
August 1, 2014
Page 3

| '424 Patent | Delinte Dub Tire |
|---|---|
|  | |

Toyo vigorously defends its intellectual property rights to protect the considerable investments it makes to develop unique and proprietary tire designs that are well received in the marketplace for their aesthetic appearance and quality. Nobody may make or sell tires that incorporate Toyo's proprietary designs without Toyo's permission.

Toyo would like to quickly and amicably resolve these issues. To start, Toyo requests that you immediately discontinue selling, and offering for sale, the Landsail LS588 UHP and Delinte Dub tires, and any other tires with similar tread patterns, and provide the quantities of those tires you have sold to date and revenues from those sales. Toyo also requests that you identify the manufacturer of those tires and the entity from whom you obtained those tires.

Exhibit C
Page 65

Sentury Tire Americas
August 1, 2014
Page 4

     Please acknowledge receipt of this letter no later than August 11, 2014, and confirm that Sentury has taken the actions requested above.  We are available to discuss these issues at your convenience and may be contacted at 202-467-6300.

     Thank you for your attention to this matter.

              Sincerely,

              */s/ Daniel F. Smith*

              Daniel F. Smith

DFS:ech
TOYO301314-2

Exhibit C
Page 66



D 7409652

## THE UNITED STATES OF AMERICA

### TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

March 28, 2013

THIS IS TO CERTIFY THAT ANNEXED HERETO IS A TRUE COPY FROM
THE RECORDS OF THIS OFFICE OF:

U.S. PATENT:  *D487,424*
ISSUE DATE:  *March 09, 2004*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

T.  LAWRENCE
Certifying Officer

Exhibit C
Page 67



US00D487424S

(12) **United States Design Patent**     (10) Patent No.:     **US D487,424 S**
Takahashi et al.                         (45) Date of Patent:    **＊＊    Mar. 9, 2004**

(54) **AUTOMOBILE TIRE**

(75) Inventors: Toshihiko Takahashi, Osaka (JP);
Asuka Nakamura, Osaka (JP)

(73) Assignee: Toyo Tire & Rubber Co., Ltd., Osaka
(JP)

(＊＊) Term: **14 Years**

(21) Appl. No.: **29/171,524**

(22) Filed: **Nov. 21, 2002**

(30) **Foreign Application Priority Data**

Oct. 28, 2002    (JP) ........................................ 2002-029303

(51) **LOC (7) Cl.** ................................................ **12-15**
(52) **U.S. Cl.** ................................................ **D12/551**
(58) **Field of Search** .............................. D12/500, 501,
D12/551, 552, 553, 554, 555, 556; 152/209.1,
209.09, 209.13, 209.25, 209.18

(56)                **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D349,478 S | ＊ | 8/1994 | Himuro | .................... D12/552 |
| D366,020 S | ＊ | 1/1996 | Himuro et al. | ............. D12/552 |
| D471,150 S | ＊ | 3/2003 | Endo et al. | ................ D12/551 |

FOREIGN PATENT DOCUMENTS

JP        903777      7/1994

JP        1055230      12/1999

＊ cited by examiner

*Primary Examiner*—Robert M. Spear
(74) *Attorney, Agent, or Firm*—Merchant & Gould, P.C.

(57)                **CLAIM**

The ornamental design for an automobile tire, as shown and
described.

                    **DESCRIPTION**

FIG. 1 represents a front elevational view of an automobile
tire in accordance with the principles of the present inven-
tion.

FIG. 2 represents an oblique perspective view of the auto-
mobile tire of FIG. 1.

FIG. 3 represents a rear elevational view of the automobile
tire of FIG. 1.

FIG. 4 represents a left side view of the automobile tire of
FIG. 1.

FIG. 5 represents a right side view of the automobile tire of
FIG. 1; and,

FIG. 6 represents an enlarged front elevational view of the
automobile tire of FIG. 1, illustrating a portion of the
automobile tire of FIG. 1.

**1 Claim, 6 Drawing Sheets**



Exhibit C
Page 68

【Fig 1】



Exhibit C
Page 69

**U.S. Patent**          Mar. 9, 2004          Sheet 2 of 6          US D487,424 S

【Fig 2】



Exhibit C
Page 70

**U.S. Patent**　　Mar. 9, 2004　　Sheet 3 of 6　　US D487,424 S

【Fig 3】



Exhibit C
Page 71

**U.S. Patent**         Mar. 9, 2004         Sheet 4 of 6         **US D487,424 S**

【Fig 4】



Exhibit C
Page 72

**U.S. Patent**        Mar. 9, 2004        Sheet 5 of 6        US D487,424 S

【Fig 5】



Exhibit C
Page 73

**U.S. Patent**       Mar. 9, 2004       Sheet 6 of 6       US D487,424 S

【Fig 6】



Exhibit C
Page 74



US00D675150S

(12) **United States Design Patent** Sato

(10) Patent No.: **US D675,150 S**
(45) Date of Patent: ✱✱ **Jan. 29, 2013**

(54) **TIRE**

(75) Inventor: **Yoshiki Sato**, Osaka (JP)

(73) Assignee: **Toyo Tire & Rubber Co., Ltd.**, Osaka (JP)

(✱✱) Term: **14 Years**

(21) Appl. No.: **29/403,132**

(22) Filed: **Sep. 30, 2011**

(30) **Foreign Application Priority Data**

Jul. 15, 2011   (JP) ................................. 2011-016329

(51) **LOC (9) Cl.** .................................................. **12–16**
(52) **U.S. Cl.** ................................................... **D12/531**
(58) **Field of Classification Search** .......... D12/505–532; 152/209.1, 209.8, 209.9, 209.12, 209.18, 152/209.25
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

D483,005 S ✱ 12/2003 Hirai ............................. D12/519
D581,345 S ✱ 11/2008 Lee et al. ..................... D12/517

FOREIGN PATENT DOCUMENTS

JP          1334141      6/2008

✱ cited by examiner

*Primary Examiner* — George D Kirschbaum
(74) *Attorney, Agent, or Firm* — Sterne, Kessler, Goldstein & Fox PLLC

(57) **CLAIM**

The ornamental design for a tire, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of a tire showing my new design;
FIG. **2** is a front view thereof;
FIG. **3** is a rear view thereof;
FIG. **4** is a top plan view thereof;
FIG. **5** is a bottom plan view thereof;
FIG. **6** is a right side view thereof;
FIG. **7** is a left side view thereof;
FIG. **8** is an enlarged view taken along line **8-8** in FIG. **2**; and,
FIG. **9** is an enlarged cross-sectional view taken along line **9-9** in FIG. **6** and line **9'-9'** in FIG. **8**.
In the drawings, the broken lines defining portions of the sidewall and inner bead depict environmental subject matter that forms no part of the claimed design.

**1 Claim, 8 Drawing Sheets**





Exhibit C
Page 75



# FIG. 1

Exhibit C
Page 76

**U.S. Patent**     Jan. 29, 2013     Sheet 2 of 8     **US D675,150 S**



**FIG. 2**

Exhibit C
Page 77



# FIG. 3

Exhibit C
Page 78

**U.S. Patent**        Jan. 29, 2013        Sheet 4 of 8        US D675,150 S



# FIG. 4

Exhibit C
Page 79



# FIG. 5

Exhibit C
Page 80



**FIG. 6**

Exhibit C
Page 81



FIG. 7

Exhibit C
Page 82

**U.S. Patent**        Jan. 29, 2013        Sheet 8 of 8        **US D675,150 S**



**FIG. 8**



**FIG. 9**

Exhibit C
Page 83

Exhibit C
Page 84

**SEPARATOR PAGE INTENTIONALLY LEFT BLANK**

Exhibit C
Page 85



ADDUCI MASTRIANI
& SCHAUMBERG LLP

ATTORNEYS AT LAW
1133 CONNECTICUT AVENUE, N.W.   WASHINGTON, DC 20036
Tel (202) 467-6300   Fax (202) 466-2006   Web www.adduci.com

August 1, 2014

V JAMES ADDUCI II
LOUIS S MASTRIANI
TOM M SCHAUMBERG
DEANNA TANNER OKUN
WILL E LEONARD
MUNFORD PAGE HALL II
MICHAEL L DOANE
SARAH E HAMBLIN
WILLIAM C SJOBERG
JONATHAN J ENGLER
DAVID H HOLLANDER JR
PAUL M BARTKOWSKI
DEBORAH S STRAUSS
QIAN SHENG *
KATHERINE R LAHNSTEIN
DANIEL F SMITH
ASHA ALLAM
BEAU A JACKSON
THOMAS R BURNS JR
ROWAN M DOUGHERTY
EVAN H LANGDON
EMLITO ORTIZ
DANA L WATTS
LAUREN E PETERSON

OF COUNSEL
JOHN C STEINBERGER

* admitted to a bar other
than DC, practice limited
to federal courts & agencies

HARVEY B FOX (1941-2010)

AFFILIATE
AMS TRADE SERVICES LLC
CARLOS MOORE, PRESIDENT

**VIA FEDERAL EXPRESS**

Sentury Tire Americas
16000 NW 59th Avenue
Suite 4 & 5
Miami Lakes, FL 33014

Re:   Notice of Possible Infringement of
      U.S. Patent Nos. D675,150 and D487,424

Dear Sir or Madam:

We represent Toyo Tire and Rubber Co., Ltd. in intellectual property matters, including before the United States International Trade Commission and Federal Courts. Toyo Tire and Rubber Co. Ltd. is the legal owner of U.S. design patents D675,150 ("the '150 Patent") and D487,424 ("the '424 Patent"). Copies of these patents are attached for your reference.

It has come to Toyo's attention that Sentury tire is selling Landsail LS588 UHP and Delinte Dub tires in the United States. It is our belief that the design of the Landsail LS588 UHP tire (known also as Landsail Trailblazer CLV6) is substantially similar to the design protected by the '150 Patent and therefore may be infringing that patent. Toyo is currently selling its Nitto Motivo tires in the United States, which embody the design protected by the '150 Patent. We provide a chart providing a side-by-side comparison of the Landsail LS588 UHP tire and the '150 Patent below.

Exhibit C
Page 86

Sentury Tire Americas
August 1, 2014
Page 4

      Please acknowledge receipt of this letter no later than August 11, 2014, and confirm that Sentury has taken the actions requested above.  We are available to discuss these issues at your convenience and may be contacted at 202-467-6300.

      Thank you for your attention to this matter.

                  Sincerely,

                  */s/ Daniel F. Smith*

                  Daniel F. Smith

DFS:ech
TOYO301314-2

Exhibit C
Page 87

Sentury Tire Americas
August 1, 2014
Page 3



| '424 Patent | Delinte Dub Tire |

Toyo vigorously defends its intellectual property rights to protect the considerable investments it makes to develop unique and proprietary tire designs that are well received in the marketplace for their aesthetic appearance and quality. Nobody may make or sell tires that incorporate Toyo's proprietary designs without Toyo's permission.

Toyo would like to quickly and amicably resolve these issues. To start, Toyo requests that you immediately discontinue selling, and offering for sale, the Landsail LS588 UHP and Delinte Dub tires, and any other tires with similar tread patterns, and provide the quantities of those tires you have sold to date and revenues from those sales. Toyo also requests that you identify the manufacturer of those tires and the entity from whom you obtained those tires.

Exhibit C
Page 88

Sentury Tire Americas
August 1, 2014
Page 2



| '150 Patent | Landsail LS588 UHP Tire |
|---|---|

It is also our belief that the design of the Delinte Dub tire is substantially similar to the design protected by the '424 Patent and therefore may be infringing that patent. Toyo is currently selling its Proxes 4 tires in the United States, which embody the design protected by the '424 Patent. We provide a chart providing a side-by-side comparison of the Delinte Dub tire and the '424 Patent below.

Exhibit C
Page 89



**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| | |
|---|---|
| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) <br><br> Sentaida International, Inc., d/b/a Sentury Tire Americas | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) <br><br> Toyo Tire and Rubber Co., Ltd., Toyo Tire Holdings of Americas Inc., Toyo Tire U.S.A. Corp., Nitto Tire U.S.A. Inc., and Toyo Tire North America Manufacturing Inc. |
| **(b)** County of Residence of First Listed Plaintiff  Miami-Dade, FL <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant <br> *(IN U.S. PLAINTIFF CASES ONLY)* |
| **(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. <br><br> Jinshu Zhang (SBN 166981) jzhang@edwardswildman.com <br> Edwards Wildman Palmer LLP <br> 901 Avenue of The Stars, Suite 1700, Los Angeles, CA 90067 <br> tel. (310) 860-8705 | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No     ☒ **MONEY DEMANDED IN COMPLAINT:** $ TBD @ trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
Antitrust under the Sherman Act 15 U.S.C. § 1, 15 U.S.C. 15, 26; patent Non-Infringement & Invalidity 35 U.S.C.  § 271; 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. §§1331, 1337, 1338

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee <br> ☐ 510 Motions to Vacate Sentence | ☐ 830 Patent |
| ☒ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | **Other:** | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 540 Mandamus/Other | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment <br> ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other <br> ☐ 448 Education | ☐ 790 Other Labor Litigation <br> ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number:  SACV14-1457

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | | Southern |
| | ☐ Riverside or San Bernardino | | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | *check one of the boxes to the right* ➡ | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | *check one of the boxes to the right* ➡ | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | *check one of the boxes to the right* | ☐ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | *check one of the boxes to the right* | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☒ | ☐ | ☐ |

| **D.1.  Is there at least one answer in Column A?** | **D.2.  Is there at least one answer in Column B?** |
|---|---|
| ☒ Yes  ☐ No | ☐ Yes  ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. ➡ | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| **QUESTION E: Initial Division?** | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | SOUTHERN |

| **QUESTION F: Northern Counties?** | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes  ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?**   [x] NO   [ ] YES

    If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed **in this court?**   [x] NO   [ ] YES

    If yes, list case number(s): _____

Civil cases are related when they:

    [ ] A. Arise from the same or closely related transactions, happening, or event;

    [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

    [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____   DATE: _September 9, 2014_

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |