1  JINSHU ZHANG (SBN 166981)
   john.zhang@dentons.com
2  FELIX WOO (SBN 208107)
   felix.woo@dentons.com
3  DENTONS US LLP
   601 South Figueroa Street, Suite 2500
4  Los Angeles, California 90017-5704
   Telephone:  (213) 623-9300
5  Facsimile:   (213) 623-9924

6  ROBERT F. KRAMER (SBN 181706)
   robert.kramer@dentons.com
7  RUSSELL S. TONKOVICH (SBN 233280)
   russell.tonkovich@dentons.com
8  BONNIE LAU (SBN 246188)
   bonnie.lau@dentons.com
9  C. GIDEON KORRELL (SBN 284890)
   gideon.korrell@dentons.com
10 DENTONS US LLP
   1530 Page Mill Road
11 Palo Alto, CA 94304-1125
   Telephone:  (650) 798-0300
12 Facsimile:   (650) 798-0310

13 Attorneys for Plaintiff
   SENTAIDA INTERNATIONAL, INC.,
14 d/b/a SENTURY TIRE AMERICAS

15

16              UNITED STATES DISTRICT COURT

17            CENTRAL DISTRICT OF CALIFORNIA

18                  SOUTHERN DIVISION

19 SENTAIDA INTERNATIONAL,          Case No. SA CV14-1457 AG (ANx)
   INC., d/b/a SENTURY TIRE
20 AMERICAS,                        **FIRST AMENDED COMPLAINT**

21            Plaintiff,

22       v.

23 TOYO TIRE AND RUBBER CO.,
   LTD., TOYO TIRE HOLDINGS OF
24 AMERICAS INC., TOYO TIRE
   U.S.A. CORP., NITTO TIRE U.S.A.
25 INC., AND TOYO TIRE NORTH
   AMERICA MANUFACTURING
26 INC.,

27            Defendants.

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    Plaintiff Sentaida International, Inc., d/b/a/ Sentury Tire Americas

2    ("Sentury"), by its attorneys Dentons US LLP, alleges as follows for its First

3    Amended Complaint against Toyo Tire and Rubber Co., Ltd. ("Toyo Tire"), Toyo

4    Tire Holdings of Americas Inc. ("Toyo Holdings"), Toyo Tire U.S.A. Corp. ("Toyo

5    U.S.A."), Nitto Tire U.S.A. Inc. ("Nitto Tire"), and Toyo Tire North America

6    Manufacturing Inc. ("Toyo NA") (collectively "Toyo"), for tortious interference

7    with existing and prospective contracts, violation of state unfair competition law,

8    and declaratory judgment of non-infringement and patent invalidity:

9                        **JURISDICTION AND VENUE**

10   1.    This action arises under the patent laws of the United States, Title 35

11   of the United States Code, § 1 *et seq*., with a specific remedy sought under the

12   Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Sentury brings

13   declaratory judgment claims of noninfringement and invalidity of U.S. Design

14   Patent No. 675,150 ("the '150 patent"), against Toyo Tire, Toyo Holdings and Nitto

15   Tire.  An actual, substantial, and continuing justiciable controversy exists between

16   Sentury and these Toyo defendants that requires a declaration of rights by this

17   Court.  This Court has subject matter jurisdiction over these claims pursuant to 28

18   U.S.C. §§ 1331 and 1338(a).

19   2.    Sentury also brings pendent claims under California state law for

20   tortious interference with contract and prospective economic advantage, and for

21   violation of the Unfair Competition Law, California Business and Professions Code

22   Sections 17200 *et seq.*, against all Toyo defendants.  This Court has supplemental

23   subject matter jurisdiction over these state law claims, pursuant to 28 U.S.C.

24   § 1367.

25   3.    This Court has personal jurisdiction over Toyo U.S.A., Nitto Tire and

26   Toyo Holdings for all causes of action because these Toyo defendants are

27   California corporations with their corporate headquarters and principal places of

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 1 -

1   business in the Central District of California, and therefore, have engaged in

2   continuous and systematic business contacts within this District.

3       4.      In addition, there is personal jurisdiction over all Toyo defendants

4   because they entered into settlement agreements in this District (discussed in

5   greater detail below) that contain a provision whereby Toyo consented to be sued in

6   this District in connection with any disputes arising from the settlement agreements.

7   Toyo's involvement in specific acts within this District have resulted in injury to

8   Sentury.

9       5.      Toyo Tire and Toyo U.S.A. have purposefully availed themselves of

10  the jurisdiction of this Court by actively seeking the protection of the courts in this

11  District through the filing of at least two recent complaints (case numbers 14-cv-

12  00024-CJC (JPRx) and 14-cv-00054-CJC (JPRx)), which each seek to enforce tire

13  design patents.

14      6.      The Court also has jurisdiction over Sentury's Declaratory Judgment

15  claims of patent non-infringement and invalidity against Toyo Tire, Toyo Holdings

16  and Nitto Tire by virtue of the cease and desist letters Toyo Tire sent to Sentury,

17  as well as Toyo's use of settlement agreements with other companies as a means

18  for the enforcement and defense of the validity of the '150 patent.  In addition,

19  Toyo Tire has engaged in purposeful contacts within this District, including, on

20  information and belief, Toyo's substantial business contact with customers residing

21  in this District; its consent to be sued in the this District in connection with any

22  disputes arising from the settlement agreements; its filing of patent infringement

23  lawsuits in this District; its control over the general business of the Toyo U.S.

24  companies; and its control over the specific acts occurring within this District that

25  have resulted in injury to Sentury.

26      7.      Venue is proper in this District pursuant to 15 U.S.C. §§ 15 (a) and 22,

27  and 28 U.S.C. § 1391, because the defendants are found in and transact business in

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 2 -

1   this District, and the events giving rise to the claims asserted herein occurred in this

2   District.

3                               **NATURE OF THE ACTION**

4          8.     This case relates to Toyo's unlawful misuse and attempts to misuse

5   certain United States patents, improper settlement agreements with tire

6   manufacturing and distributing companies to boycott Sentury's products, and

7   tortious interference with Sentury's existing contracts and prospective business

8   relationships.  Toyo entered the United States tire market in the early 1980s and

9   was active in fostering a market for performance tires which appealed to young

10  American drivers.  Largely because Toyo's tires did not experience significant

11  competition in this new market, the tires were not price sensitive nor did they

12  reflect the evolving tastes of young American drivers.  Consequently, in the late

13  1990s and 2000s, Toyo began to experience competition when other tire

14  manufacturers designed tires which appealed to young American drivers and at

15  more competitive price points.  Rather than competing on the basis of design and

16  price, Toyo was determined to take steps to thwart competitor companies.

17         9.     On August 14, 2013, Toyo filed a petition with the U.S. International

18  Trade Commission (the "ITC Action") and in 2014, filed several complaints in the

19  United States District Courts in California and Illinois (the "District Court

20  Actions") against nearly two dozen foreign tire manufacturers and domestic tire

21  distributors for alleged infringement of certain Toyo design patents.  In 2013 and

22  2014, Toyo entered into settlement agreements with certain respondents in these

23  proceedings that required the foreign tire manufacturers and the domestic tire

24  distributors to stop selling in the United States not only the accused products at

25  issue in the ITC Action, but also several allegedly infringing tires identified by

26  Toyo that had not been the subject of the ITC Action or District Court Actions.

27  The settlement agreements were entered into in this judicial District.  Public

28  versions of these settlement agreements are attached as Exhibits A-J.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 3 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

10.     Sentury was not a respondent or party in any of the ITC or District Court Actions.  None of Sentury's products were the subject of the ITC or District Court Actions.  Sentury was not a party to any of the ITC settlement agreements. Indeed, the '150 patent at issue in this case was not asserted in either the Toyo ITC Action or the District Court Actions.  To Sentury's knowledge, Toyo has never asserted the '150 patent in any United States court or proceeding.

11.     Nonetheless, in the settlement agreements, Toyo in bad faith listed (without notice to Sentury) one of Sentury's tires, the Landsail Winterstar (Landsail Trailblazer CLV6) (the "Sentury Landsail tire"), as an "additional tire[] that [Toyo] believes infringe[s] other Toyo intellectual property not asserted in the ITC Action," that the settlement agreement signatories were prohibited from making, importing or selling.  Toyo listed the Sentury Landsail tire even though it knew that Sentury was not a party to the ITC Action, had not been given notice of the listing, and, therefore, was not in a position to demonstrate that Toyo's claim of infringement lacked merit.  Furthermore, Toyo has made no effort in any proceeding to test the validity of the '150 patent against the Sentury Landsail tire before engaging in the tortious interference which has injured Sentury.  The intended and actual effect of the settlement agreements was to cause domestic tire distributors to cancel any orders that they had with Sentury for the Sentury Landsail tire, and made it very difficult for Sentury to offer the Sentury Landsail tire to American consumers.  In addition, Sentury was forced to incur substantial expense creating new molding for the Sentury Landsail tire and suffered substantial losses (based upon historic sales growth projections) in new tire sales, all as a result of Toyo's tortious interference and unlawful scheme to boycott or attempt to cause a boycott of Sentury Landsail tires in the United States.

12.     The settlement agreements also contained a "no-challenge clause," whereby Toyo forced the signatories, including distributors, to agree not to challenge Toyo's intellectual property, including the '150 patent, even though this

- 4 -

1  patent was not involved in the ITC Action or District Court Action.  As a result,

2  Toyo intentionally used the settlement agreements to defend the validity of the '150

3  patent by preventing the signatories from challenging the validity of this patent.

4  Toyo also has used these settlement agreements as a vehicle to enforce their rights

5  under the '150 patent by preventing the signatories and their distributors from

6  selling tires, including the Sentury Landsail tire, which Toyo falsely alleged was

7  covered by the '150 patent.

8         13.    Toyo claims to be the owner by assignment of the '150 patent, copy

9  attached as Exhibit K.

10        14.    The '150 patent identifies Mr. Yoshiki Sato as the sole inventor.

11        15.    After entering into the ITC settlement agreements which attempt to

12  boycott the Sentury Landsail tire, Toyo furthered its baseless claim of infringement

13  of the '150 patent by sending Sentury letters (through counsel) dated August 1,

14  2014 and August 4, 2014, attached as Exhibit L ("The Toyo Demand Letters")

15  asserting that there "may" be infringement of the '150 patent by the Landsail

16  Trailblazer CLV6.  The letters state that Toyo is the alleged owner of the '150

17  patent, enclose a copy of the '150 patent, and state that "Sentury Tire is selling

18  Landsail LS588UHP . . . in the United States" [and] [i]t is our belief that the design

19  of the Landsail LS588 UHP tire (known also as Landsail Trailblazer CLV6) is

20  substantially similar to the design protected by the '150 patent and therefore may be

21  infringing that patent" (collectively, the "Accused Product").  Toyo further noted

22  that it "vigorously defends its intellectual property rights" and further that

23  "[n]obody may make or sell tires that incorporate Toyo's proprietary designs

24  without Toyo's permission," and demanded, among other things, that Sentury

25  "immediately discontinue selling and offering for sale" the Accused Product.

26        16.    The Accused Product does not infringe the '150 patent.  If Toyo

27  actually believed that Sentury infringed Toyo's '150 patent, or believed that a

28  lawsuit against Sentury had any objective merit, then Toyo would have added

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 5 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Sentury to the ITC and/or District Court Actions to test the '150 patent, instead of surreptitiously adding the Sentury Landsail tire to a list of tires in the settlement agreements in the ITC Action, which the settling respondents were required to cease selling or distributing.

17.    As a result of Toyo's assertion that Sentury is infringing the '150 patent, and Sentury's denial of the same, an actual and justiciable controversy exists between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 as to the alleged infringement of the design claimed in the '150 patent by Sentury products, including the Accused Product.

## PARTIES

18.    Plaintiff Sentaida International, Inc., d/b/a/ Sentury Tire Americas ("Sentury"), is a California corporation with its principal place of business located at 16000 NW 59th Avenue, Miami Lakes, Florida 33014.  Sentury imports and sells its Landsail brand tires in the North, Central and South American markets through a network of tire distributing companies, including some of the signators to the settlement agreements in the ITC and District Court Actions.  The Landsail brand incorporates a sophisticated tread design, advanced compounding, steel-belted strength and endurance and is a performance tire for more discriminating drivers looking for performance, styling and value.  Sentury purchases its tires from its corporate parent Qingdao Sentury Tire Co., Ltd. ("Qingdao Sentury"), a Chinese corporation, on an FOB Qingdao basis.

19.    Defendant Toyo Tire and Rubber Co., Ltd. ("Toyo Tire") is a Japanese company with its principal place of business at 1-17-18 Edobari, Nishi-ku, Osaka 550-8661, Japan.  Toyo Tire manufactures, sells and exports tires to the United States and actively engages in business in this District.  It controls the operations of its United States subsidiaries in this District, and in particular the conduct at issue in this case.  Toyo Tire has also sought the protection of the courts in this District

by the filing of at least two actions with case numbers 14-cv-00024-CJC (JPRx) and 14-cv-00054-CJC (JPRx) seeking to enforce tire design patents. In addition, Toyo Tire is a party to the settlement agreements at issue in this case, which were entered into in this District, and contain a provision whereby Toyo Tire consented to be sued in this District in connection with any disputes arising from the settlement agreements. In so doing, Toyo Tire has waived any objection to venue or personal jurisdiction. Toyo Tire has been investigated by the Department of Justice in the last several years for participating in price-fixing conspiracies involving automotive parts. In November 2013, Toyo Tire agreed to plead guilty and to pay a $120 million criminal fine for its role in two separate multi-year conspiracies to fix the prices of automotive components installed in cars sold in the United States. (*See* Exhibit M.)

20. Defendant Toyo Tire Holdings of Americas Inc. ("Toyo Holdings") is a California corporation with its principal place of business in this District at 5665 Plaza Drive, Suite 200, Cypress, California 90630. Toyo Holdings is a holding company and through its domestic subsidiaries manufactures and markets tires in the United States. Toyo Holdings is a subsidiary of Toyo Tire and is subject to its control, generally and in connection with the conduct alleged herein. In addition, Toyo Holdings is a party to the settlement agreements at issue in this case, which were entered into in this District, and which contain a provision whereby Toyo Holdings consented to be sued in this District in connection with any disputes arising from the settlement agreements. These settlement agreements were signed by Toyo Holding's Senior Vice President and General Counsel, on behalf of all Toyo parties, and provide that notices for each Toyo party be delivered to him.

21. Defendant Toyo Tire U.S.A. Corp. ("Toyo U.S.A.") is a California corporation with its principal place of business in this District at 5665 Plaza Drive, Suite 300, Cypress, California. Toyo U.S.A. is the exclusive importer and distributor of "Toyo" brand tires, and is a wholly-owned subsidiary of Toyo Tire.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Case No. SA CV14-1457 AG (ANx)                    FIRST AMENDED COMPLAINT

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  Toyo U.S.A. is the marketing arm of Toyo Tire in the United States and sells Toyo

2  tires through nearly 2,000 independent tire distributors across the United States.

3  Toyo U.S.A. has also sought the protection of the courts in this District by the filing

4  of an action with case number CV 14-00024-CJC (JPRx) seeking to enforce tire

5  design patents.  In addition, Toyo U.S.A. is a party to the settlement agreements at

6  issue in this case, which were entered into in this District, and which contain a

7  provision whereby Toyo U.S.A. has consented to be sued in this District in

8  connection with any disputes arising from the settlement agreements.

9        22.    Defendant Nitto Tire U.S.A. Inc. ("Nitto Tire") is a California

10  corporation with its principal place of business in this District at 5665 Plaza Drive,

11  Suite 250, Cypress, California 90630.  Nitto Tire is a wholly-owned subsidiary of

12  Toyo Holdings and is the exclusive importer and distributor of "Nitto" brand tires

13  made both in the United States and Japan.  Nitto's exclusive distributorship

14  amounts to an exclusive license to sell the Nitto products.  Nitto Tire engages in the

15  business of developing, engineering and testing performance tires for light trucks,

16  SUVs and high performance cars.  Nitto Tire currently sells a wide range of

17  passenger and light truck tires through a network of national dealers.  In addition,

18  Nitto Tire is a party to the settlement agreements at issue in this case, which were

19  entered into in this District, and which contain a provision whereby Nitto Tire

20  consented to be sued in this District in connection with any disputes arising from

21  the settlement agreements.

22        23.    Defendant Toyo Tire North America Manufacturing Inc. ("Toyo NA")

23  is a Georgia corporation with its principal place of business at 3660 Highway 41

24  NE, White, Georgia.  Toyo NA is a wholly-owned subsidiary of Toyo Holdings and

25  manufactures tires in a manufacturing and warehousing facility in Georgia.  Toyo

26  Holdings has numerous other locations throughout the United States, which support

27  its operations, including sales, marketing space and warehousing, testing and

28  service centers.  In addition, Toyo NA is a party to the settlement agreements at

- 8 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

issue in this case, which were entered into in this District, and which contain a provision whereby Toyo NA consented to be sued in this District in connection with any disputes arising from the settlement agreements.

## BACKGROUND FACTUAL ALLEGATIONS

24.    Toyo Tire entered the United States performance tire market in or about 1975.  It began to expand its United States market presence in the early 2000s with the construction of a tire manufacturing plant in White, Georgia.

25.    Sentury entered the United States performance tire market in 2008. In 2013, all of Sentury's North, Central and South American tire operations were consolidated.  Led by a European technology team with over 80 years of experience in tire research and development, Qingdao Sentury began establishing a presence in the major international tire markets beginning in 2008.  Sentury began selling its Landsail tires as an affordable performance tire for light trucks, SUVs and cars in 2011.

26.    Sales of Landsail Trailblazer CLV6 began in 2013 with 11,000 tires being ordered by United States distributors.  Although a new entrant to the United States performance tire market, upon information and belief, the Landsail Trailblazer quickly started taking sales from Toyo.

27.    Upon information and belief, the successful entrance by Sentury tires and other foreign manufacturers into the United States performance tire market in the late 1990s and 2000s caused Toyo to pursue methods to thwart such competition, including the filing of the ITC complaint on August 14, 2013.  In that complaint, Toyo claimed infringement of its design patents by manufacturers, exporters, importers, distributors and dealers, including many of the largest domestic tire distributors in the United States.  In response to these claims, several of the fifteen ITC respondents entered into "confidential" settlement agreements. In multiple instances, the settlement agreement required, as a condition of settlement of the claims in the ITC Action, that the respondent agree to cease

- 9 -

1    permanently and forever desist from the manufacture, sale, offer for sale,

2    distribution, and/or importation of the Sentury Landsail tire, even though Sentury

3    was not a respondent in the ITC Action and the Sentury Landsail tire was not at

4    issue in the ITC Action.

5          28.    The settlement agreements prohibit the sale of more than a dozen

6    popular performance tires manufactured by foreign manufacturers not named in the

7    ITC or District Court Actions or alleged to have violated Toyo's patents, including

8    Sentury's Landsail tire.  These manufacturers, including Sentury, have had no

9    opportunity to challenge the alleged infringement and the prohibition on the sale of

10   these tires by the settling parties.  Toyo has misused its design patents to exclude or

11   attempt to exclude these tires, including the Sentury Landsail tire.

12         29.    Attached as Exhibit A is a true and accurate public copy of the Toyo

13   ITC settlement agreement with Tirecrawler.com.

14         30.    Attached as Exhibit B is a true and accurate public copy of the Toyo

15   ITC settlement agreement with American Omni Trading Co., LLC.

16         31.    Attached as Exhibit C is a true and accurate public copy of the Toyo

17   ITC settlement agreement with Dunlap & Kyle Tire Company d/b/a Gateway Tire

18   and Service.

19         32.    Attached as Exhibit D is a true and accurate public copy of the Toyo

20   ITC settlement agreement with Shandong Linglong Tire Co., Ltd..

21         33.    Attached as Exhibit E is a true and accurate public copy of the Toyo

22   ITC settlement agreement with Unicorn Tire Corp.

23         34.    Attached as Exhibit F is a true and accurate public copy of the Toyo

24   ITC settlement agreement with Shandong Yongtai Chemical Group Co., Ltd.

25         35.    Attached as Exhibit G is a true and accurate public copy of the Toyo

26   ITC settlement agreement with South China Tire and Rubber Co., Ltd., and its

27   subsidiary Guangzhou South China Tire and Rubber Co., Ltd.

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Case No. SA CV14-1457 AG (ANx)                    FIRST AMENDED COMPLAINT

36.    Attached as Exhibit H is a true and accurate public copy of the Toyo ITC settlement agreement with Hong Kong Tri-Ace Tire Co., Ltd.

37.    Attached as Exhibit I is a true and accurate public copy of the Toyo ITC settlement agreement with Shandong Hengyu Science & Technology Co., Ltd.

38.    Attached as Exhibit J is a true and accurate public copy of the Toyo ITC settlement agreement with Svizz-One Corporation Ltd.

39.    Upon information and belief, Toyo used its leverage as a complainant in the ITC Action to expand the scope of the settlement agreements with the respondents beyond the intellectual property at issue in the ITC Action.

40.    Upon information and belief, but for the threat of continued litigation in the ITC Action by Toyo, the ITC respondents would not have agreed to refrain from the manufacture, sale, offer for sale, distribution, and/or importation of the Sentury Landsail tire and other competitors' tires.

41.    The settlement agreements between Toyo and the respondents in the ITC Action were made partially public pursuant to the rules of the ITC.  The public portions of each settlement agreement include the list of prohibited competitor tires that were not at issue in the ITC Action, such as the Sentury Landsail tire, as well as the terms of the settlement agreement prohibiting the respondent from making, selling, or importing such tires.

42.    As to Sentury, Toyo's conduct constitutes tortious interference directed toward Sentury and the Sentury Landsail tire.  Toyo has unlawfully interfered and continues to tortiously interfere with Sentury's existing and prospective contractual relations with Sentury's customers and prospective customers by forcing the ITC respondents not to make, import or sell Sentury's Landsail tire, by entering into unlawful and improper settlement agreements, and, upon information and belief, by intentionally, unjustifiably, maliciously and falsely stating to customers and prospective customers that Sentury's Landsail tire infringes the '150 patent allegedly owned by Toyo.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 11 -

43.    The effect of Toyo's ITC settlement agreements was to cause domestic tire distributors to either cancel any orders that they had with Sentury for the tire, or decline to place any new orders for the Sentury Landsail tire, and to make it impossible for Sentury to offer the Sentury Landsail tire to American consumers. In addition, Sentury was forced to incur expense to create new molding for the Sentury tire and suffered substantial losses (based upon historic sales growth projections) in new tire sales, all as a result of Toyo's tortious interference and unlawful scheme to boycott Sentury's tires in the United States.

## THE *NOERR-PENNINGTON* DOCTRINE
## DOES NOT BAR SENTURY'S CLAIMS

44.    Toyo's ITC settlement agreements go beyond the intended scope and purpose of the patent laws by impermissibly extending the refusal to deal provision beyond the products, parties and intellectual property at issue in the ITC Action. To the extent the settlement agreements relate to parties and products not accused of infringement in the ITC Action, the agreements are nothing more than an attempt to boycott or interfere directly with the business relationships of Sentury and sales of its Landsail tire.  Consequently, Toyo's conduct is not protected petitioning activity or conduct incidental to a petition that could be immunized from liability under the *Noerr-Pennington* doctrine.

45.    Alternatively, Toyo's conduct falls within the "sham" litigation exception to *Noerr-Pennington* immunity.  Toyo's failure to name Sentury or include the Sentury Landsail tire as an accused product in the ITC Action or District Court Actions is a tacit admission that any suit against Sentury would have been objectively meritless.  Second, upon information and belief, Toyo's ITC settlement agreements were entered into for an improper purpose: to tortiously interfere and attempt to require the ITC respondents to boycott Sentury's Landsail tire and other competitors' products.  Indeed, Sentury received no notice of the ITC and District Court Actions and thus had no opportunity to challenge Toyo's

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

infringement claim or defend its Sentury Landsail tire in any proceeding.  Sentury now must deal with a tire distribution system infected with these unlawful and improper settlement agreements.

## FIRST CAUSE OF ACTION
## (TORTIOUS INTERFERENCE WITH CONTRACT)

46.     Sentury repeats and realleges the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47.     Prior to Toyo filing the ITC Action, Sentury had valid and enforceable contracts with Sentury's customers, including but not limited to JP Thomas Tire and Co., Tire Distributors Warehouse, Bill Duckworth Tire, and Ace Tires, for sales of the Sentury Landsail tire.

48.     Upon information and belief, Toyo knew or should have known that Sentury had valid and enforceable contracts with Sentury's customers for sales of Sentury Landsail tires.

49.     In 2013 and 2014, Toyo entered into settlement agreements with certain respondents to settle the claims in the ITC Action.  The settlement agreements required the respondents to permanently cease and desist from the manufacture, sale, offer for sale, distribution, and/or importation of the Sentury Landsail tire, a tire not at issue in the ITC Action.

50.     Upon information and belief, Toyo used leverage as a complainant in the ITC Action to expand the scope of the settlement agreements beyond the intellectual property at issue in the ITC Action, to include false patent infringement allegations against the Sentury Landsail tire.

51.     Sentury's contracts with Sentury's customers were terminated because, on information and belief, Toyo intentionally, unjustifiably, and maliciously stated that Sentury's Landsail tire infringed the '150 patent.  Toyo's actions were and are willful and constituted intentional and unjustified inducement of a breach of contract between Sentury and Sentury's customers.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 13 -

52.     Toyo's actions constitute unlawful tortious interference with existing contracts between Sentury and Sentury's customers.

53.     Toyo's unlawful tortious interference was done willfully, with oppression, fraud, and/or malice, and in bad faith in an attempt to interfere with Sentury's legitimate sales of its Landsail tire.

54.     Toyo's unlawful tortious interference is not privileged or otherwise legally permissible.

55.     Sentury has been damaged by Toyo's willful tortious interference in an amount to be determined at trial, including but not limited to lost sales of its tires, without limitation the Landsail.  Furthermore, in addition to monetary damages, Toyo has irreparably harmed Sentury and caused Sentury to suffer a substantial loss of goodwill and reputation, and such harm will continue unless Toyo is enjoined by this Court.

## SECOND CAUSE OF ACTION
## (TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE)

56.     Sentury repeats and realleges the allegations contained in paragraphs 1 through 55 as if fully set forth herein.

57.     Sentury had and has a reasonable expectancy of entering into valid business relationships with its current customers and prospective customers, namely, wholesale tire distributors and tire retailers, for sales of its Sentury Landsail tires, as well as other Sentury tires.  For example, Sentury had and has a reasonable expectancy of entering into and continuing a valid business relationship with, at a minimum, JP Thomas Tire and Co., Tire Distributors Warehouse, Bill Duckworth Tire, Ace Tires and many other customers.

58.     Upon information and belief, at the time it committed the unlawful actions described herein, Toyo knew or should have known that Sentury sold and offered for sale the Sentury Landsail tire and thus had knowledge of Sentury's

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 14 -

expectancy of continuing and entering into valid business relationships with its current customers and prospective customers, namely, wholesale tire distributors and tire retailers, for sales of its Sentury Landsail tire.

59.     Upon information and belief, Toyo used leverage as a complainant in the ITC Action to expand the scope of the settlement agreements beyond the intellectual property at issue in the ITC Action, to include false patent infringement allegations against the Sentury Landsail tire.

60.     Upon information and belief, Toyo intentionally, unjustifiably and maliciously stated to Sentury's current customers and prospective customers, namely, wholesale tire distributors and tire retailers, that the Sentury Landsail tire infringed the '150 patent and caused or induced Sentury's current customers and prospective customers to boycott the Sentury Landsail tire.

61.     Toyo's actions were unlawful, willful, constituted tortious interference with Sentury's prospective business relationships and prevented Sentury's business expectancies from ripening into valid or continuing business relationships.

62.     Toyo's actions were independently wrongful as Toyo disseminated false, misleading, or malicious information to Sentury's existing and prospective customers; Toyo's settlement agreements included false patent infringement allegations against the Sentury Landsail tire and improperly exceeded the scope of the intellectual property at issue in the ITC Action; and Toyo's action were "unlawful" and "unfair" in violation of the California Unfair Competition Law.

63.     Toyo's unlawful tortious interference was done willfully, with oppression, fraud, and/or malice, and in bad faith in an attempt to interfere with Sentury's legitimate sales of its Landsail tire.

64.     Toyo's unlawful tortious interference is not privileged or otherwise legally permissible.

65.     Sentury has been damaged by Toyo's willful tortious interference in an amount to be determined at trial, including but not limited to lost sales of its tires,

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    without limitation the Landsail.  Furthermore, in addition to monetary damages,

2    Toyo has irreparably harmed Sentury and caused Sentury to suffer a substantial loss

3    of goodwill and reputation, and such harm will continue unless Toyo is enjoined by

4    this Court.

## THIRD CAUSE OF ACTION

## (VIOLATIONS OF THE UNFAIR COMPETITION LAW,

## CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200)

8    66.    Sentury repeats and realleges the allegations contained in paragraphs 1

9    through 65 as if fully set forth herein.

10    67.    Toyo's actions in negotiating and entering into settlement agreements

11    concerning the enforcement of its intellectual property is a business practice under

12    the California Unfair Competition Law ("UCL").

13    68.    Toyo's conduct described above, including the improper inclusion of

14    Sentury's Landsail Trailblazer CLV6 tire, as well as the '150 patent, in its

15    settlement agreements, constitutes unlawful and unfair business activity in violation

16    of California Business & Professional Code Sections 17200 *et seq.*

17    69.    Specifically, Toyo's actions constitute "unlawful" business practices.

18    Toyo's tortious interference with Sentury's existing and prospective contracts

19    satisfies the "unlawful" prong of Section 17200.

20    70.    As alleged herein, Toyo's conduct is also "unfair," as defined by

21    California law.  A practice may be deemed unfair even if not specifically proscribed

22    by some other law.  Toyo's actions constitute "unfair" business practices because

23    Toyo disseminated false, misleading, or malicious information to Sentury's existing

24    and prospective customers; Toyo's settlement agreements included false patent

25    infringement allegations against the Sentury Landsail tire and improperly exceeded

26    the scope of the intellectual property at issue in the ITC Action; and Toyo's

27    settlement agreements constituted anticompetitive, unreasonable restraints on trade

28    and a boycott or attempted boycott on Sentury Landsail tires.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Case No. SA CV14-1457 AG (ANx)                                    FIRST AMENDED COMPLAINT

71.     By reason of, and as a direct and proximate result of, Toyo's unlawful and unfair conduct, Sentury has suffered and will continue to suffer financial injury to its business and property.  As discussed above, as a result of Toyo's settlement agreements, the signatories and tire distributors were prevented from buying Sentury Landsail tires, which resulted in Sentury's loss of business, sales and profits from those sales.

72.     Toyo's unfair and unlawful conduct has caused harm to Sentury, competition and consumers.

73.     Pursuant to Section 17203, the entry of permanent and mandatory injunctive relief in favor of Sentury is necessary to enjoin Toyo's ongoing wrongful business conduct.  Because there is no adequate relief at law, an injunction is needed to restore the sales and distribution of Sentury Landsail tires.

## FOURTH CAUSE OF ACTION
## (DECLARATORY JUDGMENT OF NONINFRINGEMENT
## OF THE '150 PATENT)

74.     Sentury repeats and realleges the allegations contained in paragraphs 1 through 73 as if fully set forth herein.

75.     Toyo claims to be the owner and assignee of all right, title and interest in and under the '150 patent.

76.     An actual, substantial, immediate and justiciable controversy has arisen and now exists between the parties with respect to the alleged infringement of the '150 patent by virtue of the Toyo Demand Letters.  Sentury contends that the using, selling, offering for sale, and/or importing into the United States of Sentury's products, including the Landsail LS588UHP, also known as Landsail Trailblazer CLV6, has not infringed and does not infringe any valid claim of the '150 patent. Upon information and belief, Toyo disputes these contentions.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Case No. SA CV14-1457 AG (ANx)                          FIRST AMENDED COMPLAINT

77.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to the alleged infringement of the '150 patent is necessary and appropriate under the circumstances.

### FIFTH CAUSE OF ACTION
### (DECLARATORY JUDGMENT OF INVALIDITY
### OF THE '150 PATENT)

78.     Sentury repeats and realleges the allegations contained in paragraphs 1 through 77 as if fully set forth herein.

79.     By assertion of the '150 patent, Toyo contends that the '150 patent is valid and has created a substantial, immediate and actual controversy between the parties as to the validity of the '150 patent.

80.     The '150 patent is invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of United States Code including without limitation §§ 101, 102, 103, 112,  171, and any other defenses encompassed by Section 282.

81.     The '150 patent is invalid because the claimed design is primarily functional as opposed to aesthetic or ornamental and having the sole points of novelty or nonobviousness over prior designs being dictated by functional improvement or alteration.

82.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to the alleged validity of the '150 patent is necessary and appropriate under the circumstances.

### DEMAND FOR JURY TRIAL

83.     Sentury demands a trial by jury on all issues triable as a matter of right.

### PRAYER FOR RELIEF

WHEREFORE, Sentury prays for relief as follows:

A.     For a judicial declaration that Sentury has not and does not infringe

- 18 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

any valid claim of U.S. Design Patent No. D675,150;

B.      For a judicial declaration that U.S. Design Patent No. D675,150 is invalid;

C.      For a judicial declaration that Toyo has engaged in unfair competition under California law, California Business and Professions Code § 17200;

D.      For a judicial declaration that the portions of Toyo's settlement agreements directing a boycott of Sentury's Landsail tire are in violation of law and are null and void;

E.      For an award of compensatory damages, including lost profits, expenses and damage to reputation, and tort damages;

F.      For an award of punitive damages under Cal. Civil Code § 3294;

G.      As there is no adequate remedy at law for certain of Sentury's claims, for a Court order issuing a permanent injunction barring Toyo from compelling the parties to the settlement agreements to refuse to deal with Sentury and the other tire manufacturers not named as respondents in the ITC proceeding;

H.      That this case be declared "exceptional" under 35 U.S.C. § 285 and that Sentury be awarded its costs, expenses, and reasonable attorneys' fees incurred in this action as provided by law;

I.      That Toyo be ordered to pay all costs associated with this action; and

J.      For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  December 31, 2014          DENTONS US LLP


By: _____ /s/ Felix T. Woo _____
                    Felix T. Woo

Attorneys for Plaintiff
SENTAIDA INTERNATIONAL, INC.,
d/b/a SENTURY TIRE AMERICAS

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

83611597

- 19 -